# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC,<br><br>    Plaintiffs,<br><br>    vs.<br><br>GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS,<br><br>    Defendants. | Civil Action No. 1:21-cv-10865-NMG |

**[PROPOSED] SCHEDULING ORDER**

It is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(f) and 16.6, that the following scheduling order shall be adopted in this action:

**(A)**   **Preliminary Disclosures.**

   **(1)**   **Preliminary Patent-Related Disclosure.**

No later than July 21, 2022, the Plaintiffs shall serve and file preliminary disclosure of the claims infringed. The Plaintiffs shall specify which claims are allegedly infringed and identify the accused product(s) or method(s) that allegedly infringe those claims. The Plaintiffs shall also include an element-by-element description of where and how each claim is found in each accused product or system. The Plaintiffs shall also specify whether the alleged infringement is literal or falls under the doctrine of equivalents. If the Plaintiffs have not already done so, the Plaintiffs shall produce all documents supporting their contentions and/or identify any such supporting documents produced by the Defendants. Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ D(1) or by leave of court, for good cause shown.

   **(2)**   **Accused Infringer's Preliminary Patent-Related Disclosures.**

No later than August 25, 2022, the Defendants shall serve and file Preliminary Invalidity and Non-Infringement Contentions as required under Local Rule 16.6(d)(4). The Defendants shall identify prior art that anticipates or renders obvious the identified patent claims in question and, for each such prior art reference, shall specify whether it anticipates or is relevant to the obviousness inquiry. If applicable, the Defendants shall also specify any other grounds for invalidity, such as indefiniteness, best mode, enablement, or written description. If the Defendants have not already done so, the Defendants shall produce documents relevant to the invalidity defenses and/or identify any such supporting documents produced by the Plaintiffs. Further, if the Defendants have not already done so,

the Defendants shall produce documents sufficient to show operation of the accused product(s) or method(s) that the Plaintiffs identified in their preliminary infringement disclosures. Such disclosures may be amended and supplemented up to 30 days before the date of the Markman Hearing. After that time, such disclosures may be amended or supplemented only pursuant to ¶ D(2) or by leave of court, for good cause shown, except that, if the Plaintiffs amend or supplement their preliminary infringement disclosures, the Defendants may likewise amend or supplement their disclosures within 30 days of service of the amended or supplemented infringement disclosures.

**(B)** **Claim Construction Proceedings.**

    **(1)** No later than September 15, 2022, the parties shall simultaneously exchange a list of claim terms to be construed and proposed constructions.

    **(2)** No later than September 22, 2022, the parties shall confer by teleconference, videoconference, or in person regarding claim construction.

    **(3)** No later than September 29, 2022, the parties shall finalize the list of disputed terms for the court to construe. The parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement") that identifies both agreed and disputed terms.

        (a) The joint statement shall note the anticipated length of time necessary for the claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

        (b) The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials 7 days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

        (c) The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing, which may be term-by-term or party-by-party, depending on the issues in the case.

        (d) The joint statement shall limit the number of claim terms to be construed and shall prioritize the disputed terms in order of importance. The Court suggests that, ordinarily, no more than ten (10) terms per patent be identified as requiring construction.

        (e) The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term, and supporting evidence.

**(4)** No later than October 20, 2022, the parties shall simultaneously exchange and file opening claim construction briefs. Each opening brief shall contain a list of terms to be construed, the party's proposed construction of each term, and evidence and argument supporting each construction. Each opening brief shall, absent leave of court, be limited to 10 pages, per asserted patent, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

**(5)** No later than December 8, 2022, the parties shall simultaneously exchange and file responsive claim construction briefs. Each responsive brief shall, absent leave of court, be limited to 5 pages, per asserted patent, double spaced, of at least 12-point Times New Roman font or equivalent, including footnotes.

**(C)** **The Claim Construction Hearing (a.k.a. "Markman Hearing")**

The Court shall schedule a hearing date promptly after the completion of claim construction briefing, no later than January 18, 2023.

**(D)** **After the Markman Hearing**

**(1)** If necessary, the Plaintiffs may amend their preliminary infringement disclosures, noting whether any infringement contentions are withdrawn, within 30 days after the Court's ruling on the claim construction.

**(2)** If necessary, the Defendants may amend their preliminary non-infringement and invalidity disclosures, noting whether any invalidity contentions are withdrawn, within 60 days after the Court's ruling on the claim construction.

**(3)** The fact discovery period shall close no later than August 31, 2023, or 60 days after entry of the Court's ruling on claim construction, whichever is later.

**(E)** **Expert Discovery**

The parties shall complete expert discovery no later than December 6, 2023, or 90 days after the close of fact Discovery, whichever is later.

**(F)** **Dispositive/Daubert Motions**

The parties shall file Daubert and dispositive motions, such as motions for summary judgment or partial summary judgment, no later than December 21, 2023, or 15 days after the close of Expert Discovery, whichever is later.

**(G)** **Oppositions to Dispositive/Daubert Motions**

The parties shall file any oppositions to Daubert and dispositive motions no later than January 25, 2024.

**(H)     Trial**

The Court will set a trial date, if needed, no later than March 14, 2024.

**(I)     Schedule and Deadlines**

| EVENT | AGREED-UPON DEADLINE |
|---|---|
| Plaintiffs' Disclosure of Alleged Trade Secrets with Particularity | March 28, 2022 |
| File and Serve Patentee's Preliminary Patent-Related Disclosures | July 21, 2022 |
| Meet and Confer Regarding Patentee's Preliminary Patent-Related Disclosures | August 4, 2022 |
| File and Serve Accused Infringer's Preliminary Disclosures | August 25, 2022 |
| Exchange Claim Terms to be Construed and Proposed Claim Constructions | September 15, 2022 |
| Confer by Telephone or In Person Regarding Claim Construction | September 22, 2022 |
| Parties to File a Joint Statement of the Number of Claims and Terms to be Construed | September 29, 2022 |
| File and Serve Opening Claim Construction Briefs | October 20, 2022 |
| Deadline for Depositions of Claim Construction Experts | November 10, 2022 |
| File and Serve Responsive Claim Construction Briefs | December 8, 2022 |
| Claim Construction Hearing | At the Court's convenience following filing of the Joint Claim Construction Statement, no later than January 18, 2023 |
| Amendments to Pleadings | Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed more than 30 days after the Court's Claim Construction Ruling |
| Serve Amended Preliminary Patent-Related Disclosures | With leave of the Court, within 28 days of the Court's Claim Construction Ruling |
| Serve Amended Responsive Patent-Related Disclosures | With leave of the Court, within 28 days of Service of the Amended Preliminary Patent-Related Disclosures |
| Deadline to serve written discovery requests (requests for production or documents, interrogatories, and requests for admission) | June 29, 2023, or 60 days prior to the close of fact discovery, whichever is later. |

| | |
|---|---|
| Close of Fact Discovery | August 31, 2023, or 60 days after the entry of the Court's Claim Construction Ruling, whichever is later. |
| Serve Expert Reports Pursuant to Rule 26(a)(2) by the Party With the Burden of Proof | September 21, 2023, or 21 days after the close of Fact Discovery, whichever is later. |
| Serve Responsive Expert Reports Pursuant to Rule 26(a)(2) by the Party Without the Burden of Proof | November 2, 2023, or 42 days after service of Expert Reports pursuant to Rule 26(a)(2) by the Party with the Burden of Proof, whichever is later. |
| Close of Expert Discovery | December 6, 2023, or 90 days after the close of Fact Discovery, whichever is later. |
| Dispositive/*Daubert* Motions Deadline | December 21, 2023, or 15 days after the close of Expert Discovery, whichever is later. |
| Trial | At the Court's convenience, no later than March 14, 2024. |

Dated:                                IT IS SO ORDERED

                                                     _____

                                                     Hon. Nathaniel Gorton