## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS, <br><br> Defendants. | Civil Action No. 1:21-cv-10865-NMG |

## <u>PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS</u>

Plaintiffs Milliman, Inc., Milliman Solutions, LLC, and Vigilytics LLC (collectively, "Plaintiffs") Answer the Counterclaims filed by Defendants Gradient A.I. Corp., Stanford A. Smith, and Samuel Chase Pettus (collectively, "Defendants"). For ease of reference, Plaintiffs repeat the headings employed by Defendants throughout the Counterclaims, but state that because these are not assertions of law or fact, they therefore do not require a response. To the extent that the headings contained in the Complaint can be read as allegations that require a response, Defendants deny the allegations.

## <u>GENERAL DENIAL</u>

Except as hereinafter expressly admitted, Plaintiffs deny each and every allegation contained in the Counterclaims, including any allegations contained in the unnumbered introductory paragraphs.

## <u>PARTIES</u>

1.      Plaintiffs admit the allegations contained in Paragraph 1.

2.      Plaintiffs admit the allegations contained in Paragraph 2.

3.      Plaintiffs admit the allegations contained in Paragraph 3.

4.      Plaintiffs admit the allegations contained in Paragraph 4.

5.      Plaintiffs admit that Mr. Smith is the founder and Chief Executive Officer of Gradient, and that from 2011 to 2018 Mr. Smith was employed by Milliman.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5, and therefore deny them.

6.      Plaintiffs admit the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7.      Paragraph 7 asserts a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 7.

8.      Paragraph 8 states a legal conclusion to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 8.

## RELEVANT FACTUAL BACKGROUND

9.      Plaintiffs admit the allegations contained in Paragraph 9.

10.     Plaintiffs deny the allegations contained in Paragraph 10.

11.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore deny them.

12.     Plaintiffs admit that Mr. Smith requested permission from Milliman to use the "Gradient AI product" in the health space.  Plaintiffs further admit that the request was denied, and the "Gradient AI product" was never registered for use in the health insurance practice at Milliman.  Plaintiffs admit that Milliman is a partnership, and that its principals' compensation is driven by many factors, including financial performance. Plaintiffs deny the remaining allegations contained in Paragraph 12.

13.     Plaintiffs admit that Milliman offered to allow Mr. Smith to purchase the Gradient AI business.  Plaintiffs deny the remaining allegations contained in Paragraph 13.

14.     Plaintiffs admit that it entered into the Asset Purchase Agreement ("APA") attached to the Counterclaim as Exhibit A, that Arrowhead Technologies Corporation ("Arrowhead") was a party to the APA, and that Arrowhead is now known as Gradient A.I. Corporation.  Plaintiffs deny the remaining allegations contained in Paragraph 14.

15.     Plaintiffs admit that the Asset Purchase Agreement ("APA") attached to the Counterclaim as Exhibit A capture the parties' agreement and that Pederson was involved in negotiating the APA.  Plaintiffs deny the remaining allegations contained in Paragraph 15.

16.     Plaintiffs deny the allegations contained in Paragraph 16.

17.     Plaintiffs admit that Arrowhead (now Gradient) and Milliman executed the APA and that a true and correct copy is attached as Exhibit A.  Plaintiffs deny the remaining allegations in Paragraph 17.

18.     The APA referenced in Paragraph 18 speaks for itself.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 18.

19.     The APA referenced in Paragraph 19 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 19 accurately quotes a portion of § 1.1 of the APA. Plaintiffs deny that Paragraph 19 reflects the full scope of the APA.

20.     Plaintiffs admit that Gradient paid Milliman pursuant to the terms of the APA. Plaintiffs deny the remaining allegations contained in Paragraph 20.

21.     The APA referenced in Paragraph 21 speaks for itself.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 21.

22.     The APA referenced in Paragraph 22 speaks for itself.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 22 except that it accurately quotes a portion of § 2.2 of the APA.  Plaintiffs deny that Paragraph 22 reflects the full scope of the APA.

23.     The APA referenced in Paragraph 23 speaks for itself.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 23 except that it accurately quotes a portion of § 8.4 of the APA, and that footnote 2 accurately quotes a portion of § 7.2 of the APA. Plaintiffs deny that Paragraph 23 and footnote 2 reflect the full scope of the APA.

24.     Plaintiffs admit the allegations contained in Paragraph 24.

25.     The APA referenced in Paragraph 25 speaks for itself.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 25 except that Exhibit B to the APA allowed Milliman to maintain read-only access to Cloud Environment for a period of six months after the Closing Date, and to request that Health Intellectual Property be deleted from the Cloud Environment.

26.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, and therefore deny them.

27.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore deny them.

28.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore deny them.

29.     Plaintiffs admit that Gradient began selling a healthcare underwriting product in 2020.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29, and therefore deny them.

30.     Plaintiffs deny the allegations contained in Paragraph 30.

31.     Plaintiffs admit that the SAIL product offered by Defendants competes with Milliman's CURV product.  Plaintiffs lack information/deny the remaining allegations contained in Paragraph 31.

32.     Plaintiffs deny the allegations contained in Paragraph 32.

33.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 33, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 33.

34.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 34, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 34.

35.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 35, and therefore deny them.  Plaintiffs deny the remaining allegations contained in Paragraph 35.

36.     Plaintiffs deny the allegations contained in Paragraph 36.

37.     Plaintiffs deny the allegations contained in Paragraph 37.

38.     Plaintiffs deny the allegations contained in Paragraph 38.

39.     Plaintiffs admit that Gradient and Milliman had discussions in February 2021 regarding the allegations contained in Milliman's complaint.  Plaintiffs deny the remaining allegations contained in Paragraph 39.

40.     Plaintiffs admit the allegations contained in Paragraph 40.

41.     Plaintiffs deny the allegations contained in Paragraph 41.

42.     Plaintiffs deny the allegations contained in Paragraph 42.

## COUNT I – DEFAMATION/DEFAMATION *PER SE*
### Against Milliman, Inc. and Milliman Solutions, LLC

43.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 42 of the Counterclaims as if fully set forth herein.

44.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 44, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 44.

45.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 45, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 45.

46.     Paragraph 46 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 46.

47.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 47, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 47.

48.     Plaintiffs deny the allegations contained in Paragraph 48.

49.     Plaintiffs deny the allegations contained in Paragraph 49.

## COUNT II – COMMERCIAL DISPARAGEMENT
### Against Milliman, Inc. and Milliman Solutions, LLC

50.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 49 of the Counterclaims as if fully set forth herein.

51.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 51, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 51.

52.     Plaintiffs deny that Milliman or any Milliman equity partners made any false statements regarding Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 52, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 52.

53.     Paragraph 53 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 53.

54.     Plaintiffs deny the allegations contained in Paragraph 54.

55.     Plaintiffs deny the allegations contained in Paragraph 55.

56.     Plaintiffs deny the allegations contained in Paragraph 56.

57.     Plaintiffs deny the allegations contained in Paragraph 57.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### Against Milliman, Inc. and Milliman Solutions, LLC

58.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 57 of the Counterclaims as if fully set forth herein.

59.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and therefore deny them.

60.     Plaintiffs deny the allegations contained in Paragraph 60.

61.     Plaintiffs deny they told anyone prior to the filing of this action that a lawsuit was filed against Gradient or that a court issued a cease-and-desist order against Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 61, and therefore deny them. Plaintiffs deny the remaining allegation contained in Paragraph 61.

62.     The allegation "None of this was true" is not a fact which can be admitted or denied, and Plaintiffs therefore deny it.  Plaintiffs deny they told anyone prior to the filing of this action that a lawsuit was filed against Gradient or that a court issued a cease-and-desist order against Gradient.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegation regarding what Gradient heard from third parties contained in Paragraph 62, and therefore deny them.  Plaintiffs deny the remaining allegation contained in Paragraph 62.

63.     Plaintiffs deny the allegations contained in Paragraph 63.

64.     Plaintiffs deny the allegations contained in Paragraph 64.

## <u>COUNT IV – UNFAIR AND DECEPTIVE ACTS AND PRACTICES IN</u>
## <u>VIOLATION OF MASS. GEN. L. c. 93A</u>
### Against Milliman, Inc. and Milliman Solutions, LLC

65.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 64 of the Counterclaims as if fully set forth herein.

66.     Paragraph 66 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 66.

67.     Paragraph 67 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 67.

68.     Plaintiffs deny the allegations contained in Paragraph 68.

69.     Plaintiffs deny the allegations contained in Paragraph 69.

70.     Plaintiffs deny the allegations contained in Paragraph 70.

71.     Plaintiffs deny the allegations contained in Paragraph 71.

72.     Plaintiffs deny the allegations contained in Paragraph 72.

73.     The request for proposals referenced in Paragraph 73 speaks for itself.  Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73, and therefore deny them.

74.     Plaintiffs lack knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74, and therefore deny them.

75.     Plaintiffs deny allegations contained in Paragraph 75.

76.     Plaintiffs deny the allegations contained in Paragraph 76.

77.     Plaintiffs deny the allegations contained in Paragraph 77.

78.     Plaintiffs deny Milliman committed any unfair or deceptive practices in Massachusetts or otherwise.  Plaintiffs lack knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 78, and therefore deny them.

79.     Plaintiffs deny the allegations contained in Paragraph 79.

80.     Paragraph 80 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 80.

81.     Plaintiffs deny the allegations contained in Paragraph 81.

82.     Paragraph 82 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 82.

## COUNT V – BREACH OF CONTRACT, APA § 1.1
### Against Milliman, Inc. and Milliman Solutions, LLC

83.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 82 of the Counterclaims as if fully set forth herein.

84.     Plaintiffs admit the allegations contained in Paragraph 84.

85.     The APA referenced in Paragraph 85 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 85 accurately quotes a portion of § 1.1 of the APA.  Plaintiffs deny that Paragraph 85 reflects the full scope of the APA.

86.     Plaintiffs deny the allegations contained in Paragraph 86.

87.     Plaintiffs deny the allegations contained in Paragraph 87.

88.     Plaintiffs deny the allegations contained in Paragraph 88.

89.     Plaintiffs deny the allegations contained in Paragraph 89.

## COUNT VI – BREACH OF CONTRACT, APA § 8.4
### Against Milliman, Inc. and Milliman Solutions, LLC

90.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 89 of the Counterclaims as if fully set forth herein.

91.     Plaintiffs admit the allegations contained in Paragraph 91.

92.     The APA referenced in Paragraph 92 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 92 accurately quotes a portion of § 8.4 of the APA. Plaintiffs deny that Paragraph 92 reflects the full scope of the APA.

93.     Plaintiffs deny the allegations contained in Paragraph 93.

94.     Plaintiffs deny the allegations contained in Paragraph 94.

95.     Paragraph 95 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 95.

96.     Plaintiffs deny the allegations contained in Paragraph 96.

## COUNT VII – BREACH OF CONTRACT, APA § 2.2
### Against Milliman, Inc. and Milliman Solutions, LLC

97.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 96 of the Counterclaims as if fully set forth herein.

98.     Plaintiffs admit the allegations contained in Paragraph 98.

99.     The APA referenced in Paragraph 99 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 99 accurately quotes a portion of § 2.2 of the APA. Plaintiffs deny that Paragraph 99 reflects the full scope of the APA.

100.    Plaintiffs deny the allegations contained in Paragraph 100.

101.    Plaintiffs deny the allegations contained in Paragraph 101.

102.     Paragraph 102 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 102.

103.     Plaintiffs deny the allegations contained in Paragraph 103.

## COUNT VIII – BREACH OF CONTRACT, APA § 1.6
### Against Milliman, Inc. and Milliman Solutions, LLC

104.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 103 of the Counterclaims as if fully set forth herein.

105.     Plaintiffs admit the allegations contained in Paragraph 105.

106.     The APA referenced in Paragraph 106 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 106 accurately quotes a portion of § 1.6 of the APA. Plaintiffs deny that Paragraph 106 reflects the full scope of the APA.

107.     Plaintiffs deny the allegations contained in Paragraph 107.

108.     Plaintiffs deny the allegations contained in Paragraph 108.

109.     Paragraph 109 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 109.

110.     Plaintiffs deny the allegations contained in Paragraph 110.

## COUNT IX – BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### Against Milliman, Inc. and Milliman Solutions, LLC

111.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 110 of the Counterclaims as if fully set forth herein.

112.     Plaintiffs admit the allegations contained in Paragraph 112.

113.     The APA referenced in Paragraph 113 speaks for itself.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 113.

114.    Paragraph 114 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 114.

115.    Plaintiffs deny the allegations contained in Paragraph 115.

116.    The APA referenced in Paragraph 116 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 116 accurately quotes a portion of § 1.1 of the APA. Plaintiffs deny that Paragraph 116 reflects the full scope of the APA.

117.    The APA referenced in Paragraph 117 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 117 accurately quotes a portion of § 1.6 of the APA. Plaintiffs deny that Paragraph 117 reflects the full scope of the APA.

118.    The APA referenced in Paragraph 118 speaks for itself.  To the extent a response is required, Plaintiffs admit that Paragraph 118 accurately quotes a portion of § 2.2 of the APA. Plaintiffs deny that Paragraph 118 reflects the full scope of the APA.

119.    Paragraph 119 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 119.

120.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120, and therefore deny them.

121.    Paragraph 121 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 121.

122.    Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122, and therefore deny them.

123.    Paragraph 123 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 123.

124.     Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Gradient believed contained in Paragraph 124, and therefore deny them.  Plaintiffs deny the remaining allegations contained in Paragraph 124.

125.     Plaintiffs deny the allegations contained in Paragraph 125.

126.     Plaintiffs deny the allegations contained in Paragraph 126.

127.     Paragraph 127 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 127.

128.     Paragraph 128 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 128.

129.     Plaintiffs deny the allegations contained in Paragraph 129.

## COUNT X – DECLARATION THAT GRADIENT DOES NOT INFRINGE THE '641 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

130.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 129 of the Counterclaims as if fully set forth herein.

131.     Paragraph 131 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 131.

132.     Paragraph 132 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 132.

133.     Paragraph 133 states a legal conclusion, to which no response is required.  To the extent a response is required, Paragraph deny the allegations contained in Paragraph 133.

## COUNT XI – DECLARATION OF INVALIDITY OF THE '641 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

134.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 133 of the Counterclaims as if fully set forth herein.

135.     Paragraph 135 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 135.

136.     Paragraph 136 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 136.

137.     Paragraph 137 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 137.

## COUNT XII – DECLARATION THAT GRADIENT DOES NOT INFRINGE THE '892 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

138.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 137 of the Counterclaims as if fully set forth herein.

139.     Paragraph 139 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 139.

140.     Paragraph 140 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 140.

141.     Paragraph 141 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 141.

## COUNT XIII – DECLARATION OF INVALIDITY OF THE '892 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

142.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 141 of the Counterclaims as if fully set forth herein.

143.     Paragraph 143 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 143.

144.     Paragraph 144 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 144.

145.   Paragraph 145 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 145.

## COUNT XIV – DECLARATION THAT GRADIENT DOES NOT INFRINGE THE '685 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

146.   Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 145 of the Counterclaims as if fully set forth herein.

147.   Paragraph 147 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 147.

148.   Paragraph 148 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 148.

149.   Paragraph 149 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 149.

## COUNT XV – DECLARATION OF INVALIDITY OF THE '685 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

150.   Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 149 of the Counterclaims as if fully set forth herein.

151.   Paragraph 151 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 151.

152.   Paragraph 152 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 152.

153.   Paragraph 153 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 153.

## COUNT XVI – DECLARATION THAT GRADIENT DOES NOT INFRINGE THE '651 PATENT
**Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC**

154.    Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 153 of the Counterclaims as if fully set forth herein.

155.    Paragraph 155 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 155.

156.    Paragraph 156 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 156.

157.    Paragraph 157 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 157.

## COUNT XVII – DECLARATION OF INVALIDITY OF THE '651 PATENT
**Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC**

158.    Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 157 of the Counterclaims as if fully set forth herein.

159.    Paragraph 159 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 159.

160.    Paragraph 160 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 160.

161.    Paragraph 161 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 161.

## COUNT XVIII – DECLARATION THAT GRADIENT DOES NOT INFRINGE THE '375 PATENT
**Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC**

162.    Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 161 of the Counterclaims as if fully set forth herein.

163.     Paragraph 163 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 163.

164.     Paragraph 164 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 164.

165.     Paragraph 165 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 165.

### COUNT XIX – DECLARATION OF INVALIDITY OF THE '375 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

166.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 165 of the Counterclaims as if fully set forth herein.

167.     Paragraph 167 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 167.

168.     Paragraph 168 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 168.

169.     Paragraph 169 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 169.

### COUNT XX – DECLARATION THAT GRADIENT DOES NOT INFRINGE THE
### '012 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

170.     Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 169 of the Counterclaims as if fully set forth herein.

171.     Paragraph 171 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 171.

172.     Paragraph 172 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 172.

173.    Paragraph 173 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 173.

## COUNT XXI – DECLARATION OF INVALIDITY OF THE '012 PATENT
### Against Milliman, Inc., Milliman Solutions, LLC, and Vigilytics, LLC

174.    Plaintiffs re-allege and incorporate by reference their responses to the allegations contained in Paragraphs 1 through 173 of the Counterclaims as if fully set forth herein.

175.    Paragraph 175 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs admit the allegations contained in Paragraph 175.

176.    Paragraph 176 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 176.

177.    Paragraph 177 states a legal conclusion, to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 177.

## PRAYER FOR RELIEF

Paragraphs A. through N. of the Request for Relief section contained in Defendants' Counterclaims state legal conclusions, to which no response is required.  To the extent a response is required, Plaintiff deny that Defendants are entitled to any of the requested relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaims are barred by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Plaintiffs reserve the right to assert additional defenses, or amend these defenses,  upon further investigation and discovery.

Dated: April 15, 2022                                     Respectfully submitted,

                                                         */s/ Christopher Centurelli*
                                                         Christopher Centurelli (BBO #640974)
                                                         christopher.centurelli@klgates.com
                                                         John L. Gavin (BBO #705385)
                                                         john.gavin@klgates.com
                                                         K&L GATES LLP
                                                         State Street Financial Center
                                                         One Lincoln Street
                                                         Boston, MA 02111
                                                         Telephone: (617) 261-3100
                                                         Facsimile: (617) 261-3175

                                                         and

                                                         Patrick J. McElhinny (*pro hac vice*)
                                                         patrick.mcelhinny@klgates.com
                                                         Mark G. Knedeisen (*pro hac vice*)
                                                         mark.knedeisen@klgates.com
                                                         Anna Shabalov (*pro hac vice*)
                                                         anna.shabalov@klgates.com
                                                         K&L Gates LLP
                                                         K&L Gates Center
                                                         210 Sixth Avenue
                                                         Pittsburgh, Pennsylvania 15222
                                                         Telephone: (412) 355-6500
                                                         Facsimile: (412) 355-6501

                                                         *Attorneys for Milliman, Inc. and Milliman
                                                         Solutions, LLC*

                                                         and

                                                         Christopher Dillon (BBO #640896)
                                                         dillon@fr.com
                                                         Fish & Richardson P.C.
                                                         One Marina Park Drive
                                                         Boston, MA 02210
                                                         Telephone: (617) 542-5070

and

Noah C. Graubart (*pro hac vice*)
graubart@fr.com
Joseph R. Dorris (*pro hac vice*)
dorris@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

*Attorneys for Vigilytics LLC*

### CERTIFICATE OF SERVICE

I hereby certify that this document was served upon the attorney(s) of record for Defendants via electronic mail on April 15, 2022.

*/s/ Christopher Centurelli*