UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS, <br><br> Defendants. | Civil Action No. 1:21-cv-10865-NMG |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO COMPEL DISCOVERY RESPONSES**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, Plaintiffs Milliman, Inc., Milliman Solutions, LLC (collectively, "Milliman"), and Vigilytics LLC ("Vigilytics," and together with Milliman, "Plaintiffs") respectfully move to compel Defendants Gradient A.I. Corp. ("Gradient"), Stanford A. Smith ("Smith"), and Samuel Chase Pettus ("Pettus," and, collectively with Gradient and Smith, "Defendants") to provide substantive responses to Plaintiffs' First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ( "Requests") served March 17, 2022 (collectively "Discovery Requests").

**I.   INTRODUCTION**

Defendant Smith, after years at Milliman, Inc., left in 2018 to found Defendant Gradient A.I. Corp., taking Pettus and a team of Milliman employees with him. Complaint (Dkt. #1), ¶ 1. Unknown to Milliman at the time, Messrs. Smith and Pettus also took with them Milliman's proprietary information, with Mr. Smith even emailing himself copies of confidential, trade secret

documents in his final days at Milliman. *Id*. at ¶¶ 2, 6. Defendants then deployed Milliman's proprietary information and patented technology, which Milliman licenses from Vigilytics LLC, to enable Gradient, in two short years, to compete with Milliman in the health practice space. *Id*. Plaintiffs' suit followed, asserting twelve counts, including for six counts for patent infringement, as well as counts for trade secret misappropriation, breach of contract, and unfair and deceptive trade practices.

Plaintiffs file this Motion because Defendants have refused to substantively respond to virtually all of Plaintiffs' Discovery Requests. Although trade secret claims account for just two of the twelve counts of the Complaint, Defendants justify their obstructionist tactic on a flawed reading of M.G.L. c. 93 § 42D ("§ 42D"), which requires Plaintiffs to "identify the trade secret with sufficient particularity under the circumstances of the case to allow the court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense." This Court should reject Defendants' attempt to stonewall discovery and order full and complete responses for the following two reasons.

First, Plaintiffs' trade secret disclosure under § 42D ("§ 42D Disclosure")[1] reasonably identifies the trade secrets misappropriated by Defendants for the purpose of discovery. *See Mirakl, Inc. v. VTEX Com. Cloud Sols. LLC*, 544 F. Supp. 3d 146, 147 (D. Mass. 2021) (suggesting a plaintiff can satisfy its obligations under § 42D by providing "file names for the documents it alleges defendants misappropriated and which contain its trade secrets."). Here, the § 42D Disclosure sets forth the trade secrets at issue in this case and specifically identifies the documents

---

[1] Plaintiffs' § 42D Disclosure and the documents identified therein as embodying the Milliman Plaintiffs' trade secrets and provided to Defendants' counsel are attached as Exhibit A.

taken by Defendants that Plaintiffs have been able to identify to date and therefore is more than sufficient for purposes of the § 42D requirement.

Second, even if Plaintiffs' § 42D Disclosure were somehow inadequate, Plaintiffs are entitled to discovery relevant to Plaintiffs non-trade secret claims, including Counts I-VI for patent infringement, Count VII for breach of confidentiality agreements, and Count XII for violations for M.G.L. c. 93A. *See Mirakl, Inc.*, 544 F. Supp. 3d at 147 (ordering "defendants shall respond to all discovery requests that do not require reference to a detailed trade secret list."). Discovery seeking information relevant to non-trade secret claims is not barred by the provision.

In addition to their § 42D objection, Defendants object to other Discovery Requests based on relevancy and the Court's Scheduling Order. As addressed below, the Discovery Requests seek information relevant to all of Plaintiffs' claims, and fit within the proper scope of discovery. Additionally, Plaintiffs' Discovery Requests are not, as Defendants seek to paint them, attempts to evade the Scheduling Order and obtain early non-infringement or invalidity contentions from Defendants. Defendants made the strategic choice not only to assert numerous affirmative defenses but also to file a twenty-one count counterclaim. The Discovery Requests seek the factual basis of Defendants' counterclaims and affirmative defenses. Plaintiffs are entitled to obtain that information now.

Finally, in response to a number of Interrogatories, Defendants rely on Fed. R. Civ. P. 33(d) and point to "documents to be produced" (of which there have been none) that allegedly contain the answers to those Interrogatories. Defendants' reliance on Rule 33(d) is misplaced where they have neither produced any documents, nor specified in any detail the records that contain the answers to Plaintiffs' Interrogatories.

Accordingly, Plaintiffs respectfully request that the Court overrule Defendants' objections and order Defendants to immediately (i) provide substantive responses to Interrogatories 1–6, 8–10, 12, and 13 and (ii) produce documents responsive to Requests 1–51, 53–54, and 56–64, including all information regarding the design, development, implementation, use and licensing of the Accused Products, including a full copy of their source code for the Accused Products, by June 10, 2022.

## II.    BACKGROUND

On June 29, 2018, after six years as a practice leader at Plaintiff Milliman, Inc., Defendant Smith purchased the gradient A.I. business from Milliman and used it to form a new company, Defendant Gradient.  Complaint (Dkt. #1), ¶ 75; *see* Exhibit A to Answer and Counterclaims of Defendants (Dkt. #49-1).  Milliman's sale of the gradient A.I. business to Smith was targeted at the workers' compensation market, and specifically excluded intellectual property rights to Milliman's health practice, which the agreement defined as "Health Intellectual Property." *Id.* at 1.  Despite this fact, and in violation of Milliman's licensed patents, trade secret rights and confidentiality agreements with Defendants Smith and Pettus, Defendants now unlawfully compete with Milliman in the health practice market using the excluded Health Intellectual Property.  Defendant Gradient's offerings in the health practice market infringe on six patents licensed exclusively by Milliman from Vigilytics and misappropriate Milliman's Health Intellectual Property.

For example, after discovering Gradient's entry into the health insurance market in early 2021, Milliman conducted an investigation that revealed on the eve of their departure Defendants Smith and Pettus colluded to take and took confidential, trade secrets concerning Milliman's health

practice, which Defendants used to develop products now offered, unlawfully, to compete with Milliman's health practice.

On March 17, 2022, after the Court denied Defendants' Motion to Dismiss (Dkt. #43), Plaintiffs served Discovery Requests on Defendants, seeking answers to thirteen interrogatories and documents responsive to sixty-four requests relevant to the twelve Counts alleged in the Complaint. The Discovery Requests seek information fundamental to all of Plaintiffs' claims, including specifically non-trade secret claims. For example, Interrogatories 1, 3 and 5, reproduced below, seek information directly relevant to Plaintiffs patent infringement claims, Counts I-VI, and the discovery sought by them is necessary for Plaintiffs to conduct potential third party discovery and meet the July 21, 2022 preliminary infringement contention deadline:

> **INTERROGATORY NO. 1**:
>
> Identify each Person who used, licensed, purchased, or was offered any Accused Product by date of the act (e.g., [customer] purchased the [Accused Product] on [date]).
>
> **INTERROGATORY NO. 3**:
>
> Identify each Person involved in the design, development, coding, providing, supply, operation, hosting, or manufacturing of each Accused Product, in whole or in part, their job title(s) at the time and/or their role(s) in that design, development, coding, providing, supply, operation, hosting, or manufacturing.
>
> **INTERROGATORY NO. 5**:
>
> Describe in detail all research, design, and development processes undertaken by Gradient to enable it to develop the Accused Products, including identifying the dates over which the processes occurred, all Persons involved and at what times, and each source of information Gradient relied upon in developing the Accused Products.

*See* Exhibit B at 5, 6.

Similarly, and for example, Requests 9 and 12, reproduced below, seek information directly relevant to Plaintiffs patent infringement claims and the discovery is directly relevant to Plaintiffs' preliminary infringement contentions, the deadline for which is July 21, 2022.:

**REQUEST NO. 9**

Produce all Documents and things Concerning the design, development, implementation operation, marketing, offer for sale and/or sale of the Accused Products, including all design, development, and source code implementation Documents, source code, and any Communications, correspondence, licenses, contracts, draft contracts or draft licenses Concerning any Accused Product.

**REQUEST NO. 12**

Produce all Documents and things, including any drawings, sketches, work logs, diaries, research, laboratory notebooks, engineering notebooks, source code archives or other evidence, Concerning the development of the Accused Products.

*See* Exhibit C at 5, 6.

Plaintiffs' other Discovery Requests, including Interrogatories 2, 4, 6, 8–10, and 12–13 and Requests 1–8, 10–11, 13–51, 53–54, and 56–64, discussed below and attached in Exhibit B and C, also seek discovery relevant to Plaintiffs' patent infringement, breach of confidentiality agreement and 93A claims.

On April 18, 2022, Defendants responded by objecting to virtually all the Discovery Requests.[2] Specifically, Defendants responded substantively to ***only two of thirteen*** Interrogatories (Interrogatories 7 & 11). Those responses are limited to Defendants' claim that they became aware of the Asserted Patents on February 8, 2021 and that their responses were prepared "with the advice of counsel, and with the assistance of Defendants Smith and Pettus." Similarly, Defendants agreed to produce responsive documents to ***only two of sixty-four*** Requests (Requests 52 & 55), which seek documents obtained by subpoenas to third-parties (no such subpoenas have been issued to date) and agreements to indemnify any Defendant (none of which appears to exist). *See* Exhibit D at 11–12, 15; Exhibit E at 40, 42. In addition to their objections,

---

[2] Plaintiffs' Interrogatories and Requests are attached as Exhibits B and C. Defendants' Responses are attached as Exhibits D and E.

Defendants wrote to the Milliman Plaintiffs' counsel on April 18, 2022, objecting to Plaintiffs' § 42D Disclosure and refusing to produce "confidential documents and information concerning Gradient's health insurance underwriting platform" regardless of whether that information is relevant to Plaintiffs other claims.

Plaintiffs responded in writing, and the parties subsequently conferred by telephone conference in an attempt to resolve the dispute. Defendants refused to provide *any* supplemental interrogatory responses or produce *any* documents absent a supplemental § 42D Disclosure or a determination by the Court that Plaintiffs' § 42D Disclosure was sufficient. *See generally* Exhibit F (Defendants characterizing "Plaintiffs' trade secret disclosure is the principal gating issue to further discovery.")

Defendants' refusal to comply with their discovery obligations has and will continue to prejudice Plaintiffs, by delaying Plaintiffs' ability to fully review the Accused Products' development and design documents and source code to abide by the Scheduling Order deadline for Plaintiffs' preliminary infringement contentions of July 21, 2022 and increasing the cost to Plaintiffs of prosecuting this action.

### III.   ARGUMENT

#### a.   Standard

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(a). Parties are entitled to discovery of any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" in the absence of privilege. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350–51 (1978). If a party fails to adequately respond to discovery requests, "the Court may, for good cause shown, order discovery

of any matter relevant to the subject matter involved in a pending lawsuit." *Haemonetics Corp. v. Baxter Healthcare Corp.*, 593 F. Supp. 2d 298, 301 (D. Mass. 2009).

Massachusetts law requires that plaintiffs in state-law trade secret cases identify their trade secrets prior to taking discovery related to that claim. M.G.L. c. 93, § 42D(b). In relevant part, Massachusetts law provides that "[b]efore commencing discovery relating to an alleged trade secret, the party alleging misappropriation shall identify the trade secret with sufficient particularity under the circumstances of the case to allow the court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense." *Id.* Although § 42D was enacted relatively recently, courts analyzing a California statute that requires early identification of trade secrets with "reasonable particularity" have held that:

> "'[r]easonable particularity' . . . does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation. . . . Rather, it means that the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational, under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits."

*Advanced Modular Sputtering, Inc. v. Superior Ct.*, 33 Cal. Rptr. 3d 901, 908 (Cal. Ct. App. 2005) (internal citation omitted). Furthermore, California courts have held a trade secret identification "should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of allowing discovery to go forward." *Brescia v. Angelin*, 90 Cal. Rptr. 3d 842, 852 (Cal. Ct. App. 2009).

      b.      **Plaintiffs Have Satisfied Their M.G.L. c. 93 § 42D Obligations**

Notwithstanding the Plaintiffs' timely and detailed disclosure referencing, among other things, specific documents that the individual defendants emailed to themselves, Defendants' stated basis for refusing to respond to Plaintiffs' Discovery Requests is premised almost entirely

upon an objection under M.G.L. c. 93 § 42D ("§ 42D"). Defendants take it upon themselves to unilaterally deem the disclosure to be deficient (instead of moving for a protective order) and invoke their § 42D objection in response to six of thirteen Interrogatories and forty-four of sixty-four Requests.[3]

In fact, Plaintiffs have met their obligations under § 42D and are entitled to discovery related to their state-law trade secret claim. Courts in Massachusetts recognize that a plaintiff can satisfy its obligations under § 42D by providing "file names for the documents it alleges defendants misappropriated and which contain its trade secrets." *Mirakl, Inc. v. VTEX Com. Cloud Sols. LLC*, 544 F. Supp. 3d 146, 147 (D. Mass. 2021). Plaintiffs have done just that. For example, Plaintiffs § 42D Disclosure identifies the trade secrets as including documents Defendant Smith forwarded to himself on various dates. *See* Exhibit A.

Thus, Plaintiffs' trade secret identification provides adequate information to guide the scope of discovery and to allow Defendants' to prepare their defenses, including by identifying documents containing the known misappropriated trade secrets and the dates on which Defendants took them.[4] At this early stage of the case, such identification is sufficient to allow Plaintiffs to take discovery of Defendants as to all of their claims.

Defendants' argue that the "open-ended" nature of Plaintiffs' trade secret identification, namely its use of the word "including," is improper. Plaintiffs' trade secret identification is proper given the early stage of this litigation, and the limited purpose of § 42D, which is to "allow the

---

[3] Specifically, Defendants invoke their § 42D objection in response to Interrogatories 1–6, and Requests 1, 2, 4, 9–27, 32, 34–40, 42–48, 50, 56–60, and 64. *See* Exhibit C; Exhibit D.

[4] Plaintiffs have also offered to, and intend to, produce to Defendants the identified documents. Those documents, however, are already in Defendants' possession, and Plaintiffs' § 42D Disclosure is adequate without the production of documents. *See Mirakl, Inc.*, 544 F. Supp. 3d at 147.

court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense." M.G.L. c. 93, § 42D(b). Plaintiffs are not required to limit their claims at this early stage in the litigation, particularly where, as here, the Plaintiffs have pointed to emails showing Defendants Smith and Pettus colluding to take confidential and trade secret information and is at least plausible that Defendants took other materials. Identifying the emails and related documents that Plaintiffs have already is more than sufficient to allow discovery to proceed, particularly when those material are and have long been in Defendants' possession.

    c.    **Plaintiffs are Entitled to Discovery Notwithstanding M.G.L. c.93 § 42D**

Even if the Plaintiffs' § 42D Disclosure were inadequate, that would not justify Defendants' attempt to stonewall discovery relevant to Plaintiffs' other, non-state law trade secret claims. Where a plaintiff has claims that are independent from the need to identify trade secrets under § 42D, the plaintiff is entitled to discovery notwithstanding any deficiency of the trade secret identification. *See Mirakl, Inc.*, 544 F. Supp. 3d at 147 (ordering plaintiffs to provide file names to satisfy § 42D, but recognizing "Plaintiff's [state law trade secret] claim, however, is one over several claims against defendants. . . ." and ordering that "[D]efendants shall respond to all discovery requests that do not require reference to a detailed trade secret list."). In *Mirakl*, the plaintiff asserted claims for breach of contract, violation of the Massachusetts Trade Secrets Act, violation of the Defend Trade Secrets Act, violation of the Computer Fraud and Abuse Act, breach of loyalty/fiduciary duty, and tortious interference with contractual relations. *See* Complaint at 16–24, *Mirakl, Inc. v. VTEX Com. Cloud Sols. LLC*, No. 20-cv-11836 (D. Mass. Oct. 9, 2020), ECF No. 1. Although the *Mirakl* court ordered the plaintiffs to identify their trade secrets by providing file names, it also ordered defendants to respond to plaintiffs' discovery requests that did "not require reference to a detailed trade secret list." The same result follows here.

Plaintiffs' Complaint includes several claims that are not dependent upon or related to the existence of a trade secret, including the patent infringement claims (Counts I–VI). Those claims are wholly independent from the trade secret claims, as patent infringement does not require the existence or misappropriation of a trade secret.

Nor are Plaintiffs' claims for breach of confidentiality agreements (Count VII), and violations of M.G.L. c. 93A (Count XII) dependent upon the existence of a trade secret such that § 42D can bar discovery. *See Monolithic Power Sys., Inc. v. Silergy Corp.*, No. 14-CV-01745-VC (KAW), 2015 WL 5897719, at *3 (N.D. Cal. Oct. 9, 2015) ("While [plaintiff's] breach of contract claim relates to the alleged use of confidential information, the contract provision breached does not mention trade secrets. . . . Defendants are required to answer [discovery requests] without the benefit of [plaintiff] identifying the confidential information it believes was utilized in the breach of the [agreement]."). Only where a claim is "is factually dependent on the misappropriation allegation" does a state law requiring identification of a trade secret arguably implicate discovery as to that claim. *Advanced Modular Sputtering, Inc. v. Superior Ct.*, 33 Cal. Rptr. 3d 901, 907 (Cal. Ct. App. 2005). Here, Plaintiffs' breach of confidentiality agreement M.G.L. c. 93A claims are not factually dependent on a finding of misappropriation. Both claims are pled and can be satisfied based on a finding that Defendants took the Milliman Plaintiffs' confidential information, without a finding that that information constitutes a trade secret. As such, Plaintiffs would be entitled to discovery related to Counter I–VII and XII even if their § 42D Disclosure were somehow deficient, which it is not.

d.   **The Court Should Overrule Defendants' Remaining Objections**

In addition to their § 42D objection, Defendants raise a host of other unsupported objections in their attempt to avoid responding to Plaintiffs' Discovery Requests, including

objections based on relevance and the Court's Scheduling Order. *See* Exhibit D; Exhibit E. Defendants also attempt to exercise their option under Fed. R. Civ. P. 33(d) to produce documents rather than respond to Interrogatories. *See id.* Each of Defendants' objections and their Rule 33(d) "answers" are without merit, and the Court should order Defendants to substantively respond to Plaintiffs' Requests and Interrogatories.

      i.        *Defendants' Relevancy Objection*

Defendants object to providing responses to Interrogatories 1–5 and 12, and to producing documents responsive to Requests 1–32, 34–38, 40–46, 49, and 56–64 on the basis that those Interrogatories and Requests seek irrelevant information. *See* Exhibit D at 5–10, 15–16; Exhibit E at 6–39, 43–48. As an initial matter, relevance is a low bar for purposes of discovery, and parties are entitled to discovery of "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 350–51. All of Plaintiffs' Interrogatories and Requests are plainly relevant to the issues in this case, be they Plaintiffs' claims, or Defendants' defenses and counterclaims.

For example, Plaintiffs' Interrogatories 1–5 and Requests 9–14, 16–27, 32, 34, 35, 38, 56–60, 64 and seek discoverable information related to the use, sales, revenue generated by, design, development and coding of the Accused Products, as well as the entities and individuals involved in those activities, which are relevant to at least Plaintiff patent infringement claims. *See* Exhibit B at 5–6; Exhibit C at 5–10, 13–14. Plaintiffs' Interrogatory 12 and Requests 2, 4, 36, 37, 61–63 seek discoverable information relevant to the Patents-in-Suit and alleged infringement of the same. *See* Exhibit B at 7; Exhibit C at 4, 10, 14. Plaintiffs' Requests 3, 5–8, 15, and 46 seek discoverable information related to Defendants' corporate structure, patents and patent applications, document retention or destruction policies, and the relationship among the

Defendants and with Plaintiffs. *See* Exhibit C at 4–7, 11. Such documents are relevant to the sequestration, if any, of Milliman information at Gradient, Plaintiffs' patent claims, the development of the Accused Products, the identity of witnesses with knowledge of the same, and the nature of Defendants' patent infringement and misappropriation. Request 1 seeks discoverable information related to Milliman Information in Defendants' possession relevant to at least Plaintiffs claims for trade secret misappropriation and breaches of confidentiality agreements. *See* Exhibit C at 4. Plaintiffs' Requests 28–31, 40–45, and 49 seek discoverable information relevant to the basis of Defendants' defenses and counterclaims. *See* Exhibit C at 9–12.

    ii.    *Defendants' Objection based on the Scheduling Order*

In response to Interrogatories 8, 12, and 13, and Requests 28–31, 40–45, and 49, Defendants object to providing response and producing documents until "a time and manner consistent with the Court's Scheduling Order." *See* Exhibit D at 12–13, 15–16; Exhibit E at 23–25, 31–36, 38–39. Defendants' objection misrepresents the information sought by the above Interrogatories and Requests. Although the Court's Scheduling Order (Dkt. 52) contains dates by which Defendants are required to serve their invalidity and non-infringement contentions, Interrogatories 8, 12, and 13, and Requests 28–31, 40–45, and 49 do not seek Defendants' complete invalidity and non-infringement contentions at this time. Rather, the Requests and Interrogatories seek the factual basis for Defendants' counterclaims of invalidity and non-infringement (Counterclaims X–XXI). Plaintiffs are entitled to discovery of this information.[5]

---

[5] To the extent Defendants lack a factual basis for their Counterclaims, they should be withdrawn. Fed. R. Civ. P. 11(b).

### iii. *Defendants' Fed. R. Civ. P. 33(d) Option*

In response to Interrogatories 1–4 and 13, Defendants "refer Plaintiffs to the documents to be produced in this action" rather than providing substantive responses, citing Fed. R. Civ. P. 33(d). *See* Exhibit D at 5–9, 16. Rule 33(d) allows a party to answer interrogatories by reference to documents only where the responding party "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). Here, Defendants have failed to specify in any detail documents that allegedly contain answers to Plaintiffs' Interrogatories, instead referring generally to all of the "documents to be produced." Defendants' reliance on Rule 33(d) is particularly inappropriate in light of their refusal to respond to sixty-two of Plaintiffs' sixty-four Requests. Put another way, even if Plaintiffs were required to cull through all of the documents Defendants have produced to find answers to their Interrogatories, they could not because Defendants have refused to produce any documents. Defendants should be required to supplement their responses to Interrogatories 1–4 and 13 to provide substantive answers to these straightforward interrogatory requests.

## IV. CONCLUSION

Plaintiffs requests that this Court overrule Defendants objections and order Defendants to provide substantive responses to Interrogatories 1–6, 8–10, 12, and 13, and produce documents responsive to Requests 1–51, 53–54, and 56–64, including all information regarding the design, development, implementation, use and licensing of the Accused Products and their source code by June 10, 2022, and whatever other relief this Court deems just and proper.

Dated: May 11, 2022

Respectfully submitted,

*/s/ Christopher Centurelli*
Christopher Centurelli (BBO #640974)
christopher.centurelli@klgates.com
John L. Gavin (BBO #705385)
john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

and

Patrick J. McElhinny (*pro hac vice*)
patrick.mcelhinny@klgates.com
Mark G. Knedeisen (*pro hac vice*)
mark.knedeisen@klgates.com
Anna Shabalov (*pro hac vice*)
anna.shabalov@klgates.com
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

*Attorneys for Milliman, Inc. and Milliman Solutions, LLC*

and

Christopher Dillon (BBO #640896)
dillon@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070

and

Noah C. Graubart (*pro hac vice*)
graubart@fr.com
Joseph R. Dorris (*pro hac vice*)
dorris@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

*Attorneys for Vigilytics LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Christopher Centurelli*