# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS,<br><br>Defendants. | Civil Action No. 1:21-cv-10865-NMG |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules, Plaintiffs Milliman, Inc., and Milliman Solutions, LLC (collectively, "Milliman") and plaintiff Vigilytics LLC ("Vigilytics") (all collectively "Plaintiffs"), request that Defendants Gradient A.I. Corp. ("Gradient"), Stanford A. Smith ("Smith"), and Samuel Chase Pettus ("Pettus") (all collectively "Defendants") separately answer each interrogatory set forth below in accordance with the Definitions and Instructions contained herein.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "Gradient" means Defendant Gradient A.I. Corp., its officers, directors, board members, employees, partners, corporate parents, subsidiaries, affiliates, agents, persons or entities acting or purporting to act on its behalf, or entities authorized to act on its behalf, including any predecessors in interest and any predecessors, successors or subsidiaries of a corporate parent.

2. The term "Smith" means Defendant Stanford. A. Smith and his employees, affiliates, agents, persons or entities acting or purporting to act on his behalf, or entities authorized to act on his behalf.

1

3. The term "Pettus" means Defendant Samuel Chase Pettus and his employees, affiliates, agents, persons or entities acting or purporting to act on his behalf, or entities authorized to act on his behalf.

4. The terms "You," "Your," "and "Defendant" or "Defendants" means Defendants Gradient, Smith, and Pettus.

5. The term "Milliman" means Plaintiffs Milliman, Inc., and Milliman Solutions, LLC, their officers, directors, board members, employees, partners, corporate parent, subsidiaries, affiliates, agents, persons or entities acting or purporting to act on its behalf, or entities authorized to act on its behalf, including any predecessors in interest and any predecessors, successors or subsidiaries of a corporate parent.

6. The term "Vigilytics" means Plaintiffs Vigilytics, LLC, its officers, directors, board members, employees, partners, corporate parents, subsidiaries, affiliates, agents, persons or entities acting or purporting to act on its behalf, or entities authorized to act on its behalf, including any predecessors in interest and any predecessors, successors or subsidiaries of a corporate parent.

7. The terms "Plaintiff" or "Plaintiffs" means Milliman and Vigilytics.

8. The term "Cure" means Cure Technologies, LLC, its officers, directors, board members, employees, partners, corporate parents, subsidiaries, affiliates, agents, persons or entities acting or purporting to act on its behalf, or entities authorized to act on its behalf, including any predecessors in interest and any predecessors, successors or subsidiaries of a corporate parent.

9. The term "Litigation" means the above-captioned action.

10. The terms "Asserted Patents" or "Patents-in-Suit" mean U.S. Patent Nos. 9,118,641 (the "'641 Patent"); 9,323,892 (the "'892 Patent"); 9,665,685 (the "'685 Patent"); 9,965,651 (the "'651 Patent"); 10,109,375 (the "'375 Patent"); and 10,886,012 (the "'012 Patent").

11. The term "Accused Product" or "Accused Products" means the products accused of infringing the Patents-in-Suit identified in Plaintiffs' Complaint (Dkt. 1) at paragraphs ¶¶ 85-86, including all versions of any software that produces Gradient's health insurance underwriting platform including any software that produces "Group Risk Score"

12. The term "Milliman Information" means Documents and information created, generated, owned, obtained or used by Milliman regarding or used in the business of Milliman, including Milliman performing services for clients. "Milliman Information" includes but is not limited to databases and compilations, computer software programs, client information, guidelines, studies, projection models, formulas, analyses, presentations, sales pitches, vendor information, pricing, methods for importing and processing data in its databases and programs, sales and marketing methodologies, proof of concept studies, bidding simulations, and customer agreements.

13. "Computer Instruction Information" includes all forms of computer instruction materials (in human readable form or otherwise), including, but not limited to, embedded applications implemented as firmware, software, hardware, or any combination thereof, programs, data, drivers, application program interfaces (APIs), source code, object code, hardware descriptions, circuit schematic diagrams and descriptions, functional logic flow diagrams, compiled code, byte code, interpreted code, and any form of code stored in any digital storage medium, for example, read only memory (ROM), programmable ROM (PROM), erasable PROM (EPROM), electrically erasable (EEPROM), random-access memory (RAM) such as flash RAM, battery backed RAM, dynamic RAM (DRAM), Double-Data-Rate DRAM (DDRAM), and/or synchronous DRAM (SDRAM), and any form of programmable logic code, source code for logic compilers, and/or hardware description languages (HDL) for programming a configurable or

reconfigurable digital circuit such as a programmable logic device (PLD), programmable logic array (PLA), field-programmable logic array (FPLA), and/or field programmable gate array (FPGA). "Computer Instruction Information" also means documents and files containing source code written in any and all programming languages such as "C," "C++," "Java," assembler languages, command languages and shell languages. "Computer Instruction Information" further includes (1) all "header files," "make" files, project files, link files, comments, programmer notes, and designer notes embedded or otherwise associated with the "Computer Instruction Information," and (2) all other human-readable text files used in the generation, compilation, translation, and/or building of computer executable instructions that may be executed or interpreted by a processor, controller and/or digital signal processor (DSP).

14. The term "including" shall mean including but not limited to.

15. The words "or," "and," "every," "any," "each," "one or more," "including," and similar words of guidance are intended merely as such and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the request. The words "including" shall not be used to limit any general category or description that precedes it. The words "all," "every," "any," "each," and one or more" shall include each other whenever possible to expand, not restrict, the scope of the request.

16. The use of the singular form of any word includes the plural and vice versa.

17. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as appropriate.

18. The definitions of Local Rule 26.5 UNIFORM DEFINITIONS IN DISCOVERY REQUESTS are incorporated herein by reference, including the definitions for *Communication*,

*Document*, *Identify (With Respect to Persons)*, *Identify (With Respect to Documents)*, *Parties*, *Person*, *Concerning* and *State the Basis*.

19. These requests are continuing and impose on the responding party the obligations set forth in Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule 116.7 DUTY TO SUPPLEMENT.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each Person who used, licensed, purchased, or was offered any Accused Product by date of the act (e.g., [customer] purchased the [Accused Product] on [date]).

### INTERROGATORY NO. 2:

State Gradient's revenue, claimed costs and claimed net profits for each Accused Product by customer and units sold, licensed or distributed, on a monthly basis from January 1, 2018 to the present.

### INTERROGATORY NO. 3:

Identify each Person involved in the design, development, coding, providing, supply, operation, hosting, or manufacturing of each Accused Product, in whole or in part, their job title(s) at the time and/or their role(s) in that design, development, coding, providing, supply, operation, hosting, or manufacturing.

### INTERROGATORY NO. 4:

Identify each Person responsible for any offer to sell, sale, use, marketing or licensing of the Accused Products, their job title(s) at the time, and their role(s) in that offer to sell, sale, use, marketing or licensing.

**INTERROGATORY NO. 5:**

Describe in detail all research, design, and development processes undertaken by Gradient to enable it to develop the Accused Products, including identifying the dates over which the processes occurred, all Persons involved and at what times, and each source of information Gradient relied upon in developing the Accused Products.

**INTERROGATORY NO. 6:**

Identify all Milliman Information in Your possession, custody, control or access since January 1, 2018, each Person who possessed, held, controlled or had access to that Milliman Information, the dates of possession, custody, control or access by each Person, and any steps taken to delete, destroy, sequester or remove the Milliman Information from Your possession, custody, control or access.

**INTERROGATORY NO. 7:**

Identify when and how each Defendant first became aware of each of the Asserted Patents and identify what actions, if any, each Defendant took in response, including all Person(s) involved, their title(s) and role(s), and Documents reflecting or referring to Your knowledge and/or Your actions, if any, taken in response.

**INTERROGATORY NO. 8:**

Identify each opinion, written or oral, obtained by You regarding the validity, enforceability and/or infringement of each Asserted Patent including all Person(s) involved, their title(s) and role(s), and Documents reflecting or referring to each opinion.

**INTERROGATORY NO. 9:**

Identify all electronic devices each Defendant owned or had access to since 2018, including tablets, smart phones, thumb drives, external hard drives, computers and storage devices, that at

any time contained information Concerning Milliman, Vigilytics, Gradient, or the Asserted Patents.

**INTERROGATORY NO. 10:**

Identify all electronic accounts each Defendant owned or had access to since 2018 including email, storage, dropbox or other accounts that can receive, store or send information.

**INTERROGATORY NO. 11:**

For each Interrogatory served, and any Interrogatory served hereafter, identify the Person(s) who prepared or assisted in the preparation of each factual answer and the Person(s) and/or Document(s) which were the source of any responsive information.

**INTERROGATORY NO. 12**:

Separately for each Asserted Patent and each Accused Product, describe any alleged acceptable non-infringing alternative(s), including any valuation, testing, or analysis thereof (including dates thereof), the availability thereof (including dates), the basis for contending that each non-infringing alternative is acceptable, commercially viable, and non-infringing, any documents related thereto, and an identification of the persons knowledgeable thereof.

**INTERROGATORY NO. 13**:

As to each counterclaim or affirmative defense You allege in this lawsuit, state the legal and factual basis of each counterclaim or affirmative defense, identify all witnesses who will testify in support thereof; and identify all documents that will be offered to establish each counterclaim or affirmative defense.

Dated: March 17, 2022                                    Respectfully submitted,

                                                         */s/ Anna Shabalov*
                                                         Christopher Centurelli (BBO #640974)

christopher.centurelli@klgates.com
John L. Gavin (BBO #705385)
john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

and

Patrick J. McElhinny (*pro hac vice*)
patrick.mcelhinny@klgates.com
Mark G. Knedeisen (*pro hac vice*)
mark.knedeisen@klgates.com
Anna Shabalov (*pro hac vice*)
anna.shabalov@klgates.com
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

*Attorneys for Milliman, Inc. and Milliman Solutions, LLC*

and

Christopher Dillon (BBO #640896)
dillon@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070

and

Noah C. Graubart (*pro hac vice*)

graubart@fr.com
Joseph R. Dorris (*pro hac vice*)
dorris@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

*Attorneys for Vigilytics LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served upon the attorney(s) of record for Defendants via electronic mail on March 17, 2022.

*/s/ Anna Shabalov*
Anna Shabalov

9