# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS, <br><br> Defendants. | Civil Action No. 1:21-cv-10865-NMG |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANTS**

Pursuant to Federal Rule of Civil Procedure 34 and the Local Rules, Plaintiffs Milliman, Inc., and Milliman Solutions, LLC (collectively, "Milliman") and plaintiff Vigilytics LLC ("Vigilytics") (all collectively "Plaintiffs"), request that Defendants Gradient A.I. Corp. ("Gradient"), Stanford A. Smith ("Smith"), and Samuel Chase Pettus ("Pettus") (all collectively "Defendants") produce the following documents and things in accordance with the definitions and instructions contained herein at the offices of K&L Gates LLP, State Street Financial Center, One Lincoln Street, Boston, MA 02111 within thirty (30) days from the date of service.

**DEFINITIONS AND INSTRUCTIONS**

1.  These Requests seek production to the full extent provided by the Federal Rules of Civil Procedure and the Local Rules and shall be interpreted as inclusive rather than exclusive. These Requests are of a continuing nature and, to the extent required by the applicable statutes and regulations, you are required to make supplemental production if, prior to the termination of this case, you obtain additional or different documents covered by any one of these Requests.

1

2. These Requests seek all responsive documents in your custody, care, and control, including any sequestered Documents.

3. The Definitions and Instruction of Plaintiffs' First Set of Interrogatories to Defendants are incorporated herein by reference.

**FURTHER DEFINITIONS AND INSTRUCTIONS FOR THESE REQUESTS**

4. Produce all documents in accordance with the requirements of any Court Order entered in the case, including any ESI Order.

5. Produce all documents in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original. Any labels or notes for the file, docket, or other grouping should be included in the production. Alternatively, as to each document and thing produced in response hereto, identify the request for production in response to which the document or thing is being produced.

6. Any redacted document should be clearly marked with the word "REDACTED," and the portions redacted should be clearly indicated.

7. If an identified document has been sequestered or destroyed, is alleged to have been sequestered, destroyed, or exists but is no longer in Your possession, custody, or control, state:

    a. the date of the document;

    b. the name and title of the author(s), sender(s), and recipient(s) of the document;

    c. the reason for the document's destruction, disposition, or non-availability;

   d. the Person(s) having knowledge of its destruction, disposition, or non-availability;

   e. the person(s) responsible for its destruction, disposition, or non-availability; and

   f. if applicable, the person or entity that now possesses, has custody of, or controls the document.

8. If a document is not in English, but an English translation (including an informal summary or "rough" translation) exists, produce both documents.

9. If you claim that any document requested herein is privileged, please provide all documents falling within scope of the production request that are not privileged and, with respect to those documents and/or things you claim are privileged, separately identify each with sufficient particularity for purposes of a motion to compel production by providing the following information.

   a. the place, date, and manner of recording or otherwise preparing the document;

   b. the name and title of the sender(s) and the name and title of the recipient(s) of the document;

   c. the name of each person or persons (other than stenographic or clerical assistances) participating in the preparation of the document;

   d. the name and corporate position, if any of the persons(s) to whom the contents of the document have heretofore been communicated by copy, exhibition, reading, or substantial summarization;

    e.  a statement of the basis on which the privilege is claimed, and whether or not the subject matter of the content is limited to legal advice or information provided for the purpose of securing legal advice; and

    f.  identify the corporate position, if any, of the person or persons supplying the attorney with information requested in subsections (a) through (e) above.

10.    These requests are continuing and impose on the responding party the obligations set forth in Rule 26(e) of the Federal Rules of Civil Procedure and Local Rule 116.7 DUTY TO SUPPLEMENT.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Produce all Documents Concerning or derived from any Milliman Information.

### REQUEST NO. 2

Produce all Documents Concerning Milliman, Vigilytics, any Milliman or Vigilytics service, product or customer, or Andrew L. Paris, III (named inventor on the Patents-in-Suit) or his work.

### REQUEST NO. 3

Produce all Documents Concerning Your Document retention, sequestration or destruction policies, procedures, practices or efforts since January 1, 2018.

### REQUEST NO. 4

Produce all Documents Concerning the Patents-in-Suit.

### REQUEST NO. 5

Produce all Documents and things Concerning Smith's relationship with Gradient.

**REQUEST NO. 6**

Produce all Documents and things Concerning Pettus' relationship with Gradient.

**REQUEST NO. 7**

Produce all Documents and things Concerning Smith's relationship with Milliman, including all Milliman agreements, certifications, or acknowledgements signed by Smith.

**REQUEST NO. 8**

Produce all Documents and things Concerning Pettus' relationship with Milliman, including all Milliman agreements, certifications, or acknowledgements signed by Smith.

**REQUEST NO. 9**

Produce all Documents and things Concerning the design, development, implementation operation, marketing, offer for sale and/or sale of the Accused Products, including all design, development, and source code implementation Documents, source code, and any Communications, correspondence, licenses, contracts, draft contracts or draft licenses Concerning any Accused Product.

**REQUEST NO. 10**

Produce all catalogs, brochures, advertisements, and other promotional materials authored, co-authored, filed, prepared, published, or broadcast by or on behalf of You Concerning in any way the Accused Products, and for each such publication produced, Documents sufficient to Identify the Person who prepared it and the manner in which each publication was disseminated.

**REQUEST NO. 11**

Produce Documents and things sufficient to Identify the designers, developers, engineers, managers, software coders and/or scientists responsible for the design, development, manufacture

and implementation of the Accused Products, including any third party Person who has worked on the Accused Products.

**REQUEST NO. 12**

Produce all Documents and things, including any drawings, sketches, work logs, diaries, research, laboratory notebooks, engineering notebooks, source code archives or other evidence, Concerning the development of the Accused Products.

**REQUEST NO. 13**

Produce all Documents and things, including all descriptions, write-ups, reports, and disclosures, describing or depicting the Accused Products, any related planned products, prototypes, models, and research and development projects.

**REQUEST NO. 14**

Produce, separately for each Accused Product, documents sufficient to show the operation of the Accused Products, including how "Group Risk Scores" are calculated, how data are collected for use by the Accused Products, and data handling procedures for the Accused Products, with such documents to include Computer Instruction Information stored in each Accused Product, design specifications, architectural diagrams, block diagrams, functional block diagrams, logic flow diagrams, intermediary design documents, data sheets, application notes, interfacing diagrams, customer presentations, marketing reports and materials, instructions and/or user manuals, and training instructions.

**REQUEST NO. 15**

Produce all Documents and things Concerning any patents or patent applications (whether in or outside of the United States) assigned to or licensed to You, or applied for by any past or

present employee, relating to AI solutions for the insurance industry and/or practiced by You, including but not limited to all Documents Concerning the prosecution of such applications.

**REQUEST NO. 16**

Produce all Documents and things Concerning Your sales of the Accused Products by customer, year, quarter and month, including Your first offer for sale and first sale of the Accused Products.

**REQUEST NO. 17**

Produce Documents and things sufficient to determine the revenue for each Accused Product sold or licensed.

**REQUEST NO. 18**

Produce Documents and things sufficient to determine the unit price for each sale or license of the Accused Products.

**REQUEST NO. 19**

Produce Documents and things sufficient to determine the unit cost for each sale or license of the Accused Products.

**REQUEST NO. 20**

Produce Documents and things sufficient to determine the unit expense for each sale or license of the Accused Products.

**REQUEST NO. 21**

Produce Documents and things sufficient to determine the gross and net profit for each sale or license of the Accused Products.

**REQUEST NO. 22**

Produce all Documents and things Concerning marketing and/or sales of the Accused Products, including all summaries of such sales.

**REQUEST NO. 23**

Produce all Documents and things Concerning competitive practices, sales and marketing strategies, or customers for the Accused Products.

**REQUEST NO. 24**

Produce all Documents and things Concerning, reflecting, or reporting sales projections, market analyses or evaluations, business plans, marketing plans or other analyses of market or sales potential or licensing with respect to the Accused Products.

**REQUEST NO. 25**

Produce all Documents and things Concerning any proposed licenses, offers to license or requests to license the Accused Products, including the Identity of each Person that was a potential customer, licensee or contributor of the Accused Products.

**REQUEST NO. 26**

Produce all Documents and things Concerning any licenses or royalty agreements granted to any Person to make, use, offer to sell or sell the Accused Products, including Documents Concerning the amount of royalties paid under any such license agreement

**REQUEST NO. 27**

Produce all Documents and things depicting any evaluation, analysis, examination, study, and/or test of the Accused Products, including third Person reviews.

**REQUEST NO. 28**

Produce all Documents and things Concerning any study, investigation, or analysis regarding the infringement, non-infringement, validity, invalidity, enforceability or non-enforceability of the Asserted Patents.

**REQUEST NO. 29**

Produce all Documents and things Concerning any prior art which You contend renders the Asserted Patents not infringed, invalid or unenforceable.

**REQUEST NO. 30**

Produce all Documents and things Concerning any searches, investigations or other efforts to identify prior art pertaining to the Asserted Patents, or any subject matter disclosed or claimed in the Asserted Patents.

**REQUEST NO. 31**

Produce all Documents and things Concerning any analysis conducted regarding the Asserted Patents, including any analysis regarding either their validity or claim scope.

**REQUEST NO. 32**

Produce all Documents and things that refer to or reflect any Communication between You and any other Person, including potential customers, actual customers, and investors, Concerning the Accused Products.

**REQUEST NO. 33**

Produce all Documents and things that refer to or reflect any Communication between You and any other Person, including potential customers, actual customers, and investors, Concerning the Asserted Patents, Plaintiffs, or the Litigation.

9

**REQUEST NO. 34**

Produce all Documents and things Concerning any complaint received from a user, customer, or client regarding the Accused Products.

**REQUEST NO. 35**

Produce all Documents and things Concerning any contracts or agreements, or drafts thereof, regarding the Accused Products or products, services, or platforms that include the Accused Products, including any contracts or agreements regarding ownership, sale, transfer, licensing or use of the technology in the Accused Products.

**REQUEST NO. 36**

Produce all Documents and things Concerning Your relationship with Cure.

**REQUEST NO. 37**

Produce all Documents and things Concerning Your and Cure's response to G&A Partners' Request for Proposal, attached as Exhibit 8 to the Complaint.

**REQUEST NO. 38**

Produce all Documents and things Concerning any proof of concept studies or bidding simulations You have performed or run for potential or actual customers in the health insurance underwriting industry.

**REQUEST NO. 39**

Produce all Documents and things You rely on, or intend to rely on, to defend against Plaintiffs' claims.

**REQUEST NO. 40**

Produce all Documents and things that tend to support or refute a contention that the Asserted Patents are not infringed or that infringement is not willful.

**REQUEST NO. 41**

Produce all Documents and things that tend to support or refute a contention that the Asserted Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

**REQUEST NO. 42**

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claim against Smith and Pettus for breach of contract.

**REQUEST NO. 43**

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claims against Defendants for violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836.

**REQUEST NO. 44**

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claims against Defendants for violation of the Massachusetts Uniform Trade Secrets Act.

**REQUEST NO. 45**

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claims against Defendants for violation of Mass. Gen. L. c. 93A.

**REQUEST NO. 46**

Produce Documents and things sufficient to disclose Your corporate organizational structure from Gradient's inception to the present date, including all owners, investors and any parents, subsidiaries, affiliates, divisions, predecessors, or successors.

**REQUEST NO. 47**

Produce all Documents identified in or used in preparing Defendants' responses to Plaintiffs' Interrogatories.

**REQUEST NO. 48**

Produce all Documents that support or refute any allegations in Defendants' answer, affirmative defenses, or counterclaims filed in the Litigation.

**REQUEST NO. 49**

Produce all Documents supplied to Your experts or consultants in the Litigation.

**REQUEST NO. 50**

Produce all Documents You intend to use at trial in the Litigation.

**REQUEST NO. 51**

Produce all Documents and things Concerning a patent dispute, license, settlement agreement, or other agreement, or covenant not to sue, in which the subject matter relates to an Accused Product.

**REQUEST NO. 52**

Produce all Documents and things produced to any Defendant by a third party in connection with this Litigation or by another party to this Litigation, whether or not in response to a subpoena or formal discovery request.

**REQUEST NO. 53**

Produce all Documents and things Concerning an agreement by or on behalf of any Defendant with a witness identified in this Litigation, including without limitation witnesses identified in a party's initial disclosures, witnesses subpoenaed by a party, witnesses noticed for deposition by a party, or witnesses identified in a witness list by a party.

**REQUEST NO. 54**

Produce all Documents and things Concerning compensation by or on behalf of any Defendant of a witness identified in this Litigation, including without limitation witnesses identified in a party's initial disclosures, witnesses subpoenaed by a party, witnesses noticed for deposition by a party, or witnesses identified in a witness list by a party.

**REQUEST NO. 55**

Produce all Documents Concerning an agreement by, or obligation of, a Person to indemnify any Defendant with respect to liability for patent infringement related to manufacture, use or sale of an Accused Product.

**REQUEST NO. 56**

Produce all Documents and things Concerning the costs, funding, and accounting for conception, design, research, development, manufacture, use, and/or marketing of any Accused Product.

**REQUEST NO. 57**

Produce all Documents and things Concerning an actual or advertised benefit of an Accused Product.

**REQUEST NO. 58**

Produce all Documents and things Concerning budgets, financial plans or reports, marketing plans or reports, strategic plans or reports, profit and loss statements, tax returns and reports, annual reports, and regulatory reports relating to each Accused Product.

**REQUEST NO. 59**

Produce all Documents and things Concerning competitive evaluation, comparison or testing of a Milliman and/or Vigilytics product or third-party product in relation to an Accused Product.

**REQUEST NO. 60**

Produce all Documents and things Concerning any competitor in the market relating to the subject matter of a claim of an Asserted Patent, including without limitation the actual or projected market share of each, including identification of each of competitor with respect to each Accused Product and their respective actual and projected share of the market.

**REQUEST NO. 61**

Produce all Documents and things Concerning Gradient's board of directors meetings or other management meetings that relate to any Plaintiff, an Asserted Patent, or this Litigation or other actual, threatened, or contemplated patent litigation relating to an Accused Product.

**REQUEST NO. 62**

Produce all prospectuses and private placement offerings and memoranda, draft SEC, and annual reports registration statements from 2018 to present.

**REQUEST NO. 63**

Produce all Documents and things Concerning a policy or practice held by any Defendant regarding infringement or avoidance of infringement of intellectual property rights of third parties.

**REQUEST NO. 64**

Produce all Documents and things Concerning the calibration of "Group Risk Score" models used by the Accused Products or the scores generated by those models.

Dated: March 17, 2022          Respectfully submitted,

*/s/ Anna Shabalov*
Christopher Centurelli (BBO #640974)
christopher.centurelli@klgates.com
John L. Gavin (BBO #705385)
john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

and

Patrick J. McElhinny (*pro hac vice*)
patrick.mcelhinny@klgates.com
Mark G. Knedeisen (*pro hac vice*)
mark.knedeisen@klgates.com
Anna Shabalov (*pro hac vice*)
anna.shabalov@klgates.com
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

*Attorneys for Milliman, Inc. and Milliman Solutions, LLC*

and

Christopher Dillon (BBO #640896)
dillon@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070

15

and

Noah C. Graubart (*pro hac vice*)
graubart@fr.com
Joseph R. Dorris (*pro hac vice*)
dorris@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

*Attorneys for Vigilytics LLC*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served upon the attorney(s) of record for Defendants via electronic mail on March 17, 2022.

/s/ *Anna Shabalov*
Anna Shabalov