# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS, | ) ) ) |
| Defendants. | ) |

Civil Action No. 1:21-cv-10865-NMG

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the District Court for the District of Massachusetts ("Local Rules"), Defendants Gradient A.I. Corp. ("Gradient"), Stanford A. Smith ("Mr. Smith"), and Samuel Chase Pettus ("Mr. Pettus") (collectively, "Defendants") hereby respond to Plaintiffs' Milliman, Inc., and Milliman Solutions, LLC (collectively, "Milliman") and plaintiff Vigilytics LLC's ("Vigilytics") (all collectively "Plaintiffs") First Set of Interrogatories to Defendants ("Interrogatories").[1]

## GENERAL OBJECTIONS

1.      The following objections and responses are based upon information now known to Defendants. Discovery has only recently commenced and Defendants have not completed their discovery or preparation for trial in this action. Defendants expressly reserve the right to amend, modify, or supplement the objections and responses stated below as they deem necessary in light of additional information, documents or materials that are discovered or disclosed in the course of this matter.

---

[1] Because most of the Interrogatories are fairly addressed collectively, Defendants respond collectively except as otherwise noted. Each Defendant has individually verified these responses.

1

2.     Defendants object to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to impose obligations upon Defendants that are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law or court order.

3.     Defendants object to the Interrogatories as premature and unduly burdensome at least to the extent that Plaintiffs' purported "Trade Secret Identification" provided to Defendants on March 28, 2022 failed to identify Plaintiffs alleged trade secrets with particularity as is required under Massachusetts General Laws chapter 93, § 42D(b) ("§ 42D Objection").

4.     Defendants object to the Interrogatories, including the Definitions and Instructions, to the extent that they purport to require Defendants to provide information that is not currently known by them or to identify documents and things beyond those that are available to Defendants at present from a reasonable search of their own files and a reasonable inquiry of its current employees that are likely to have relevant, non-duplicative information.

5.     Defendants object to the Interrogatories as overly broad and unduly burdensome, to the extent they seek information not relevant to a claim or defense in the case, or not proportional to the needs of the case.

6.     Defendants object to the Interrogatories to the extent that they seek information or the production of documents and things that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other privilege or immunity recognized by law. Defendants do not waive, and intend to preserve and are preserving, the attorney-client privilege, the work-product doctrine, and every other privilege with respect to each and every document or piece of information protected by such privilege.

7.     Defendants object to the Interrogatories to the extent that they seek information from or the production of internal work product files from any of Defendants' counsel including, but not limited to, Choate, Hall & Stewart LLP.

8.     Defendant object to the Interrogatories to the extent that they seek information in the possession of third parties, which is available to the public, and/or which is equally accessible to Plaintiffs.

9.     Defendants object to the Interrogatories to the extent they seek confidential, proprietary or otherwise sensitive information.  Defendants will provide information pursuant to the terms of the Protective Order entered in this case and consistent with any confidentiality obligations it has to third parties.

10.     Defendants object to the Interrogatories to the extent they are premature, given that discovery is only beginning in this case.  Defendants' objections and responses set forth below are based on Defendants' current knowledge, information, and belief at this time.  Discovery in this litigation is ongoing and thus Defendants reserve the right to supplement or otherwise modify their responses to these Interrogatories as they deem necessary and appropriate in light of additional information, documents, or materials that are discovered or disclosed in the course of these proceedings.  Defendants reserve the right to include additional information at trial that was obtained during discovery and/or investigation yet to be conducted in this case.  Further, Defendants' objections and responses are based on its good-faith interpretation of the individual interrogatories and are subject to correction for errors or omission, if any, or in the event Plaintiffs asserts an interpretation that is different that Defendants' interpretation.

11.     Defendants object to the Interrogatories to the extent that they prematurely and improperly seek discovery of expert opinions within the scope of Fed. R. Civ. P. 26(a)(2) and

26(b)(4)(a) and the Local Rules including, but not limited to, Local Rule 16.6.   To the extent any Interrogatory calls for expert opinion, Defendants reserve the right to amend and incorporate expert opinion in response to it on or before the deadline to complete expert discovery as set forth in the Court's Scheduling Order (D.I. 52).  Defendants' responses to these Interrogatories shall not limit any testifying expert's ability to rely on any material in forming any expert opinion to be expressed.

12.     Defendants object to the Interrogatories to the extent that they are premature contention interrogatories.

13.     Defendants object to the Interrogatories to the extent that they are unlimited in temporal scope or otherwise not limited to a time frame relevant to this litigation and the patents-in-suit as overbroad, unduly burdensome, not relevant, not proportional to the needs of the case, and not calculated to lead to the discovery of admissible evidence.

14.     Defendants object to producing documents and/or information that post-date the filing of this lawsuit (occurring on or after May 25, 2021).  Such discovery is overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendants are willing to meet and confer about this issue.

15.     Defendants do not concede that any of the information that it may provide in response to any of the Interrogatories is relevant to the issues in this case.  Any reference to Fed. R. Civ. P. 33(d) in response to any of the Interrogatories is not intended to mean that relevant and/or responsive information in fact exists, or that Defendants have waived any objection in their RFP responses (including, but not limited to, Defendants' § 42D Objection).  Defendants expressly reserve their right to object to the use of any information that they produce in response to the Interrogatories on grounds of, among other things, relevance, materiality, privilege and admissibility.

16.     Defendants object generally to the definition of "Accused Products" as it is used throughout the Interrogatories on the grounds that it is vague and ambiguous and/or results in Interrogatories that are overly broad, unduly burdensome or not proportional to the needs of the case.

17.     Defendants object to the definitions of "Smith," and "Pettus" as they are used throughout the Interrogatories as vague and ambiguous and/or results in Interrogatories that are overly broad, unduly burdensome or not proportional to the needs of the case.  Defendants interpret "Smith" to mean Defendant Stanford A. Smith and "Pettus" to mean Defendant Samuel Chase Pettus.

18.     Defendants object generally to the definition of "Milliman Information" as it is used in Interrogatory No. 6 on the grounds that it seeks information not within Defendants' possession, custody or control, is vague and ambiguous and/or results in Interrogatories that are overly broad, unduly burdensome or not proportional to the needs of the case.

19.     These General Objections are continuing and are incorporated by reference in response to each of the Requests set forth below.

## SPECIFIC RESPONSES AND OBJECTIONS

Notwithstanding the foregoing General Objections, which are incorporated by reference in each of the following responses, Defendants respond to the individual Interrogatories as follows:

**INTERROGATORY NO. 1**:

Identify each Person who used, licensed, purchased, or was offered any Accused Product by date of the act (e.g., [customer] purchased the [Accused Product] on [date]).

**RESPONSE TO INTERROGATORY NO. 1**

Defendants object to Interrogatory No. 1 as premature, overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, including insofar as it requests identification of "each person" and in light of the broad definition of "Accused Product." Defendants object to Interrogatory No. 1 as vague and ambiguous at least as to the phrase "was offered any Accused Product."  Defendants further object to the extent Interrogatory No. 1 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants further object to this Interrogatory to the extent that it seeks information that Defendants are not obligated to disclose at least until their § 42D Objection is resolved.

Subject to its ongoing investigation, based on its current understanding, and without waiving these objections and/or the General Objections, Defendants state as follows:

Because the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for Plaintiffs as it is for Defendants, under Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to the documents to be produced in this action, from which the answer to this Interrogatory may be further ascertained.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 2**:

State Gradient's revenue, claimed costs and claimed net profits for each Accused Product by customer and units sold, licensed or distributed, on a monthly basis from January 1, 2018 to the present.

**RESPONSE TO INTERROGATORY NO. 2**

Defendants object to Interrogatory No. 2 as compound to the extent it treats at least three multiple independent requests for information as a single Interrogatory. Defendants further object to Interrogatory No. 2 as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case in light of the broad definition of "Accused Product." Defendants object to Interrogatory No. 2 as vague and ambiguous at least as to the phrases "claimed cost" and "claimed net profits." Defendants further object to the extent Interrogatory No. 2 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Interrogatory to the extent that it seeks information that Defendants are not obligated to disclose at least until their § 42D Objection is resolved.

Subject to its ongoing investigation, based on its current understanding, and without waiving these objections and/or the General Objections, Defendants state as follows:

Because the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for Plaintiffs as it is for Defendants, under Fed. R. Civ. P. 33(d), Defendants refer Plaintiffs to the documents to be produced in this action, from which the answer to this Interrogatory may be further ascertained.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**<u>INTERROGATORY NO. 3</u>**:

Identify each Person involved in the design, development, coding, providing, supply, operation, hosting, or manufacturing of each Accused Product, in whole or in part, their job title(s) at the time and/or their role(s) in that design, development, coding, providing, supply, operation, hosting, or manufacturing.

7

**RESPONSE TO INTERROGATORY NO. 3**

Defendants object to Interrogatory No. 3 as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, including insofar as it requests identification of "each person" and in light of the broad definition of "Accused Product." Defendants further object to the extent Interrogatory No. 3 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Interrogatory as vague and ambiguous at least as to the phrase "involved in." Defendants further object to this Interrogatory to the extent that it seeks information that Defendants are not obligated to disclose at least until their § 42D Objection is resolved.

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and/or the General Objections, Defendants refer to their Initial Disclosures, to their § 42D Objection, and, under Fed. R. Civ. P. 33(d), to documents to be produced in this action.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 4**:

Identify each Person responsible for any offer to sell, sale, use, marketing or licensing of the Accused Products, their job title(s) at the time, and their role(s) in that offer to sell, sale, use, marketing or licensing.

**RESPONSE TO INTERROGATORY NO. 4**

Defendants object to Interrogatory No. 4 as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, including insofar as it requests identification of "each person" and in light of the broad definition of "Accused Products."

Defendants further object to the extent Interrogatory No. 4 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendants further object to this Interrogatory as vague and ambiguous at least as to the phrase "responsible for."  Defendants further object to this Interrogatory to the extent that it seeks information that Defendants are not obligated to disclose at least until their § 42D Objection is resolved.

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and/or the General Objections, Defendants refer to their Initial Disclosures, to their § 42D Objection, and, under Fed. R. Civ. P. 33(d), to documents to be produced in this action.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 5**:

Describe in detail all research, design, and development processes undertaken by Gradient to enable it to develop the Accused Products, including identifying the dates over which the processes occurred, all Persons involved and at what times, and each source of information Gradient relied upon in developing the Accused Products.

**RESPONSE TO INTERROGATORY NO. 5**

Defendants object to Interrogatory No. 5 as compound to the extent it treats at least four independent requests for information as a single Interrogatory.  Defendants further object to Interrogatory No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the case insofar it seeks description of "all research, design, and development processes" and in light of the broad definition of "Accused Products."  Defendants further object to Interrogatory No. 5 to the

extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants further object to this Interrogatory as vague and ambiguous at least as to the phrases "enable it to develop," "undertaken by Gradient," and "Gradient relied upon in developing."  Defendants further object to this Interrogatory as seeking information that Defendants are not obligated to disclose at least until their § 42D Objection is resolved.

Subject to its ongoing investigation, based on its current understanding, and without waiving these objections and/or the General Objections, Defendants will not respond in substance to this Interrogatory at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 6**:

Identify all Milliman Information in Your possession, custody, control or access since January 1, 2018, each Person who possessed, held, controlled or had access to that Milliman Information, the dates of possession, custody, control or access by each Person, and any steps taken to delete, destroy, sequester or remove the Milliman Information from Your possession, custody, control or access.

**RESPONSE TO INTERROGATORY NO. 6**

Defendants object to Interrogatory No. 6 as compound to the extent it treats at least four independent requests for information as a single Interrogatory.  Defendants further object to Interrogatory No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case in light of the broad definition of "Milliman Information."  Defendants further object to Interrogatory No. 6 to the extent it seeks information protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or immunity.  Defendants further object to this Interrogatory as vague and ambiguous at least as to the terms "access" and "held."  Defendants further object to this Interrogatory as seeking information that Defendants are not obligated to disclose at least until their § 42D Objection is resolved.

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer with Plaintiffs regarding the scope and relevance of Interrogatory No. 6, including the implications of Defendants Smith and Pettus' employment by Milliman during 2018, Milliman's access to Gradient's systems (and the deletion rights it exercised) after July 1, 2018, and Defendants' § 42D Objection.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 7**:

Identify when and how each Defendant first became aware of each of the Asserted Patents and identify what actions, if any, each Defendant took in response, including all Person(s) involved, their title(s) and role(s), and Documents reflecting or referring to Your knowledge and/or Your actions, if any, taken in response.

**RESPONSE TO INTERROGATORY NO. 7**

Defendants object to Interrogatory No. 7 as compound to the extent it treats at least three independent requests for information as a single Interrogatory.  Defendants further object to Interrogatory No. 7 to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  Defendants further object to this

Interrogatory as vague and ambiguous at least as to the phrases "became aware," "reflecting or referring to," "took in response" and "taken in response."

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and/or the General Objections, Defendants each state that they first became aware of the Asserted Patents upon, or shortly after, Stan Smith's receipt of an email from Mary Clare on February 8, 2021.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 8:**

Identify each opinion, written or oral, obtained by You regarding the validity, enforceability and/or infringement of each Asserted Patent including all Person(s) involved, their title(s) and role(s), and Documents reflecting or referring to each opinion.

**RESPONSE TO INTERROGATORY NO. 8**

Defendants object to the extent Interrogatory No. 8 calls for legal conclusions and determinations, including regarding "the validity, enforceability and/or infringement of each Asserted Patent." Defendants further object to the extent Interrogatory No. 8 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendants further object to Interrogatory as vague and ambiguous at least as to the terms "opinion," and "reflecting or referring" and phrase "obtained by You."

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and the General Objections, Defendants incorporate their response to Interrogatory No. 7, and further state that they will provide, in a time and manner consistent with the

12

Court's Scheduling Order, their positions regarding the validity, enforceability, and/or infringement of each Asserted Patent.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 9**:

Identify all electronic devices each Defendant owned or had access to since 2018, including tablets, smart phones, thumb drives, external hard drives, computers and storage devices, that at any time contained information Concerning Milliman, Vigilytics, Gradient, or the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 9**

Defendants object to Interrogatory No. 9 as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, including insofar as it requests identification of "all electronic devices" that each Defendant "had access to" and "that at any time Contained information Concerning Milliman, Vigilytics, Gradient, or the Asserted Patents." Defendants object to Interrogatory No. 9 as vague and ambiguous at least as to the phrase "that at any time." Defendants further object to the extent Interrogatory No. 9 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to its ongoing investigation, based on its current understanding, and without waiving these objections and/or the General Objections, Defendants state that this Interrogatory seeks information that is the subject of Defendants' ongoing document collection and the parties' ongoing discussions about ESI collection pursuant to the ESI Order. Defendants will supplement this response as appropriate.

13

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 10**:

Identify all electronic accounts each Defendant owned or had access to since 2018 including email, storage, dropbox or other accounts that can receive, store or send information.

**RESPONSE TO INTERROGATORY NO. 10**

Defendants object to Interrogatory No. 10 as overbroad, unduly burdensome, not relevant to any claim or defense, and not proportional to the needs of the case, including insofar as it requests identification of "all electronic accounts" that each Defendant "had access to" without further subject matter limitation.  Defendants object to Interrogatory No. 10 as vague and ambiguous at least as to the phrase "can receive, store or send information."  Defendants further object to the extent Interrogatory No. 10 seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.

Subject to its ongoing investigation, based on its current understanding, and without waiving these objections and/or the General Objections, Defendants incorporate their responses to Interrogatory No. 9.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 11**:

For each Interrogatory served, and any Interrogatory served hereafter, identify the Person(s) who prepared or assisted in the preparation of each factual answer and the Person(s) and/or Document(s) which were the source of any responsive information.

**RESPONSE TO INTERROGATORY NO. 11**

14

Defendants object to Interrogatory No. 11 to the extent it seeks information not relevant to any claim or defense.

Subject to its ongoing investigation, based on its current understanding, and without waiving this objection and the General Objections, Defendants state as follows: the Interrogatory responses served to date were prepared with the advice of counsel, and with the assistance of Defendants Smith and Pettus.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 12**:

Separately for each Asserted Patent and each Accused Product, describe any alleged acceptable non-infringing alternative(s), including any valuation, testing, or analysis thereof (including dates thereof), the availability thereof (including dates), the basis for contending that each non-infringing alternative is acceptable, commercially viable, and non-infringing, any documents related thereto, and an identification of the persons knowledgeable thereof.

**RESPONSE TO INTERROGATORY NO. 12**

Defendants object to Interrogatory No. 12 as compound to the extent it treats at least six independent requests for information as a single interrogatory. Defendants further object to Interrogatory No. 12 to the extent it calls for legal conclusions and determinations. Defendants object to Interrogatory No. 12 to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Defendants further object to Interrogatory No. 12 as premature under the Court's Scheduling Order, to the extent it calls for expert opinion, and because the parties have yet to exchange their infringement, non-infringement and validity contentions.

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and the General Objections, Defendants state that they will provide, in a time and manner consistent with the Court's Scheduling Order, their responses to any contention by Plaintiffs that Defendants infringe the Asserted Patents.

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

**INTERROGATORY NO. 13**:

As to each counterclaim or affirmative defense You allege in this lawsuit, state the legal and factual basis of each counterclaim or affirmative defense, identify all witnesses who will testify in support thereof; and identify all documents that will be offered to establish each counterclaim or affirmative defense.

**RESPONSE TO INTERROGATORY NO. 13**

Defendants object to Interrogatory No. 13 as premature to the extent it calls for expert opinion.  Defendants object to Interrogatory No. 13 to the extent it calls for legal conclusions and determinations, including requesting Defendants "state the legal and factual basis of each counterclaim or affirmative defense."  Defendants further object to the extent Interrogatory No. 13 seeks information that is already in Plaintiffs' possession, custody or control.

Subject to their ongoing investigation, based on their current understanding, and without waiving these objections and/or the General Objections, Defendants refer Plaintiffs to Defendants' Answer and Counterclaims, to Defendants' Initial Disclosures, and, under Fed. R. Civ. P. 33(d), to documents to be produced in this action.  Defendants further state that they will provide, in a time and manner consistent with the Court's Scheduling Order, their positions regarding the validity, enforceability, and/or infringement of each Asserted Patent.

16

As discovery is ongoing, document production has not yet begun, and no depositions have been taken, Defendants reserve the right to update, modify or alter this response.

Dated: April 18, 2022

Respectfully submitted,

GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS

By their attorneys,

*/s/ Paul D. Popeo*
Paul D. Popeo (BBO No. 567727)
Michael H. Bunis (BBO No. 566839)
Sophie F. Wang (BBO No. 679642)
Kevin C. Quigley (BBO No. 685015)
John C. Calhoun (BBO No. 694479)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
*ppopeo@choate.com*
*mbunis@choate.com*
*swang@choate.com*
*kquigley@choate.com*
*jcalhoun@choate.com*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served upon the attorney(s) of record for Defendants via electronic mail on April 18, 2022.

*/s/ Kevin C. Quigley*
Kevin C. Quigley

## <u>VERIFICATION</u>

On behalf of Defendant Gradient A.I. Corp., I have reviewed Defendants' responses to Plaintiffs' First Set of Interrogatories.  These responses were prepared with the assistance of the employees, agents, representatives, and counsel of Plaintiffs, and the information provided is not fully within my personal knowledge.  I reserve the right to make changes or additions to these responses if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.  To the extent these responses are within my personal knowledge, I certify them to be true.  To the extent that these responses are not within my personal knowledge, I have no reason to believe that they are not true.

Signed under oath under the penalties of perjury this <u>18</u> day of April, 2022.

_/s/_ _____

CEO, Gradient A.I. Corp.

## <u>VERIFICATION</u>

I have reviewed Defendants' responses to Plaintiffs' First Set of Interrogatories.   These responses were prepared with the assistance of the employees, agents, representatives, and counsel of Plaintiffs, and the information provided is not fully within my personal knowledge.   I reserve the right to make changes or additions to these responses if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.   To the extent these responses are within my personal knowledge, I certify them to be true.   To the extent that these responses are not within my personal knowledge, I have no reason to believe that they are not true.

Signed under oath under the penalties of perjury this <u>18</u> day of April, 2022.


/s/ _____

Stanford Smith

## VERIFICATION

I have reviewed Defendants' responses to Plaintiffs' First Set of Interrogatories. These responses were prepared with the assistance of the employees, agents, representatives, and counsel of Plaintiffs, and the information provided is not fully within my personal knowledge. I reserve the right to make changes or additions to these responses if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. To the extent these responses are within my personal knowledge, I certify them to be true. To the extent that these responses are not within my personal knowledge, I have no reason to believe that they are not true.

Signed under oath under the penalties of perjury this $\underline{15}$ day of April, 2022.

Samuel Chase Pettus