EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS, | ) )    Civil Action No. 1:21-cv-10865-NMG ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the District Court for the District of Massachusetts ("Local Rules"), Defendants Gradient A.I. Corp. ("Gradient"), Stanford A. Smith ("Mr. Smith"), and Samuel Chase Pettus ("Mr. Pettus") (collectively, "Defendants") hereby respond to Plaintiffs' Milliman, Inc., and Milliman Solutions, LLC (collectively, "Milliman") and plaintiff Vigilytics LLC's ("Vigilytics") (all collectively "Plaintiffs") First Set of Requests for Production of Documents and Things to Defendant ("Requests").

### GENERAL OBJECTIONS

1.     The following objections and responses are based upon information now known to Defendants.  Discovery has only recently commenced and Defendants have not completed their discovery or preparation for trial in this action.  Defendants expressly reserve the right to amend, modify, or supplement the objections and responses stated below as they deem necessary

1

in light of additional information, documents or materials that are discovered or disclosed in the course of this matter.

2.      Defendants object to the Requests as premature and unduly burdensome at least to the extent that Plaintiffs' purported "Trade Secret Identification" provided to Defendants on March 28, 2022 failed to identify Plaintiffs' alleged trade secrets with particularity as is required under Massachusetts General Laws chapter 93, § 42D(b) ("Defendants' § 42D Objection").

3.      Defendants object to the Requests, including the Definitions and Instructions, to the extent they purport to impose obligations upon Defendants that are greater than or inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, or any other applicable law or court order.

4.      Defendants object to the Requests, including the Definitions and Instructions, to the extent that they purport to require Defendants to produce documents and things beyond what are available to Defendants at present from a reasonable search.

5.      Defendants object to the Requests to the extent that they purport to seek the production of any documents not within Defendants' possession, custody or control.

6.      Defendants object to the Requests to the extent that applicable Requests seek "all" documents or things without qualification (e.g., "representative" or "sufficient to describe"), on the grounds that such requests are overbroad, unduly burdensome, not relevant, duplicative, not proportional to the needs of the case, and not calculated to lead to the discovery of admissible evidence.

7.      Defendants object to the Requests to the extent that they would require Defendants to make an unreasonable or overbroad search of its employees' emails or electronically stored information.  Defendants are willing to negotiate reasonable search terms.

2

8.     Defendants object to each Request to the extent that it seeks information and/or documents that Defendants have not had a full and/or fair opportunity to collect and review prior to responding.

9.     Defendants object to producing all drafts of every document, without abbreviation or redaction.

10.     Defendants reserve the right to redact material from any document produced in response to the Requests that is beyond the scope of permissible discovery in this matter, particularly to the extent a document contains information about products, research, and/or inventions that are not relevant to this matter.

11.     Defendants object to the Requests to the extent they seek information in the possession of third parties, information that is publicly available, and/or which is equally accessible to Plaintiffs.

12.     Defendants object to the Requests to the extent that they seek information from or the production of internal work product files from any of Gradient's internal or external counsel including, but limited to, Choate, Hall & Stewart LLP.

13.     Defendants object to the Requests to the extent they seek disclosure of information that is protected from disclosure by the attorney-client privilege, the work-product doctrine or any other applicable privilege.  Defendants do not waive, and intend to preserve and are preserving, the attorney-client privilege, the work-product doctrine, and every other privilege with respect to each and every document or piece of information protected by such privilege.

14.     Defendants object to producing communications that post-date the filing of this lawsuit (occurring on or after May 25, 2021). Such discovery is overly broad, unduly

burdensome, not relevant, and not proportional to the needs of the case.  Defendants are willing to meet and confer about this issue.

15.     Defendants object to the Requests to the extent that they seek confidential, proprietary, or otherwise sensitive information.  Defendants will provide information pursuant to the terms of the Protective Order entered in this case and consistent with any confidentiality obligations they have to third parties.

16.     Any statement that Defendants will produce document(s) in response to a specific Request does not constitute a representation by Defendants that any such document(s) in fact exist, are in Defendants' possession, custody or control, or can be located by a reasonable search.

17.     Defendants object to each Request to the extent that it seeks information and/or documents that have not been generated or provided to Defendants at the time of this response.

18.     Defendants object to each Request to the extent that it is unlimited in temporal scope or otherwise not limited to a time frame relevant to this litigation as overbroad, unduly burdensome, not proportional to the needs of the case, and not relevant to a claim or defense.

19.     The production of any document in response to a specific Request does not constitute an admission by Defendants that any such document is in fact responsive to that Request.  Defendants do not concede that any of the documents that it will produce in response to the Requests are relevant to the issues in this case.

20.     Defendants object generally to the definition of "Milliman Information" as it is used in Requests Nos. 1, 7, and 8 on the grounds that it seeks information not within Defendants' possession, custody or control, is vague and ambiguous and/or results in requests that are overly broad, unduly burdensome or not proportional to the needs of the case.

21.     Defendants object generally to the definitions of "Accused Product" or "Accused Products" as it is used throughout the Requests on the grounds that they are vague and ambiguous and/or result in requests that are overly broad, unduly burdensome or not proportional to the needs of the case.

22.     Defendants object to the definitions of "Smith," and "Pettus" as vague and ambiguous and/or result in requests that are overly broad, unduly burdensome or not proportional to the needs of the case.  Defendants agree to interpret "Smith" as to mean Defendant Stanford A. Smith and "Pettus" as to mean Defendant Samuel Chase Pettus.

23.     Defendants object to producing English translations of any documents translated during the course of this litigation in accordance with Section 10 of the Order Establishing Protocol Governing Production of Documents and Electronically Stored Information ("ESI") (D.I. 51).

24.     Defendants object to the Requests to the extent that they seek production of documents by April 18, 2022.  Plaintiffs will begin their document production within a reasonable time in light of the number and breadth of the Requests, and, to the extent practicable, will continue its production on a rolling basis.

25.     Defendants reserve the right to make rolling productions to Plaintiffs of non-privileged documents in Defendants' possession, custody, or control that can be located after a reasonable search and investigation.

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving Defendants' General Objections, each of which is incorporated into every one of Defendants' individual responses below, Defendants object to Plaintiffs' individual Requests as follows:

**REQUEST NO. 1**

Produce all Documents Concerning or derived from any Milliman Information.

**RESPONSE TO REQUEST NO. 1**

Defendants further object to Request No. 1 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents," is not limited in time and in light of the broad definition of "Milliman Information." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Milliman.

Subject to and without waiving these objections and/or the General Objections, and particularly in view of the breadth of the Request, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 2**

Produce all Documents Concerning Milliman, Vigilytics, any Milliman or Vigilytics service, product or customer, or Andrew L. Paris, III (named inventor on the Patents-in-Suit) or his work.

**RESPONSE TO REQUEST NO. 2**

Defendants object to Request No. 2 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents" and is not limited in time. Defendants further object to this Request on the ground that it calls for

6

documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Plaintiffs.

Subject to and without waiving these objections and/or the General Objections, and particularly in view of the breadth of the Request, Defendants will not produce documents responsive to this Request until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 3

Produce all Documents Concerning Your Document retention, sequestration or destruction policies, procedures, practices or efforts since January 1, 2018.

## RESPONSE TO REQUEST NO. 3

Defendants object to Request No. 3 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope of this request to better understand what Plaintiffs seek.

## REQUEST NO. 4

Produce all Documents Concerning the Patents-in-Suit.

## RESPONSE TO REQUEST NO. 4

Defendants object to Request No. 4 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents

Concerning" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Plaintiffs.  Defendants further object to this Request to the extent it implicates documents subject to Defendants' § 42D Objection.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST NO. 5**

Produce all Documents and things Concerning Smith's relationship with Gradient.

**RESPONSE TO REQUEST NO. 5**

Defendants object to Request No. 5 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request as vague and ambiguous at least as to the phrase "relationship with Gradient."

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of this Request.

**REQUEST NO. 6**

Produce all Documents and things Concerning Pettus' relationship with Gradient.

**RESPONSE TO REQUEST NO. 6**

Defendants object to Request No. 6 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and

things" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request as vague and ambiguous at least as to the phrase "relationship with Gradient."

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope of this Request.

### REQUEST NO. 7

Produce all Documents and things Concerning Smith's relationship with Milliman, including all Milliman agreements, certifications, or acknowledgements signed by Smith.

### RESPONSE TO REQUEST NO. 7

Defendants object to Request No. 7 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things Concerning" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request as vague and ambiguous at least as to the phrase "relationship with Milliman."  Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Milliman.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of the Request.

### REQUEST NO. 8

Produce all Documents and things Concerning Pettus' relationship with Milliman, including all Milliman agreements, certifications, or acknowledgements signed by Smith.

**RESPONSE TO REQUEST NO. 8**

Defendants object to Request No. 8 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous at least as to the phrase "relationship with Milliman," and the references to both Pettus and Smith. Defendants understand the Request to seek information relating to Pettus, not Smith. Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Milliman.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of the Request.

**REQUEST NO. 9**

Produce all Documents and things Concerning the design, development, implementation operation, marketing, offer for sale and/or sale of the Accused Products, including all design, development, and source code implementation Documents, source code, and any Communications, correspondence, licenses, contracts, draft contracts or draft licenses Concerning any Accused Product.

**RESPONSE TO REQUEST NO. 9**

Defendants object to Request No. 9 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products."

10

Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 10

Produce all catalogs, brochures, advertisements, and other promotional materials authored, co-authored, filed, prepared, published, or broadcast by or on behalf of You Concerning in any way the Accused Products, and for each such publication produced, Documents sufficient to Identify the Person who prepared it and the manner in which each publication was disseminated.

## RESPONSE TO REQUEST NO. 10

Defendants object to Request No. 10 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all catalogs, brochures, advertisements, and other promotional materials," is not limited in time and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Milliman and/or easily attainable from public sources. Defendants further object to the extent that this Request implicates Defendants' § 42D Objection.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of this Request.

### REQUEST NO. 11

Produce Documents and things sufficient to Identify the designers, developers, engineers, managers, software coders and/or scientists responsible for the design, development, manufacture and implementation of the Accused Products, including any third party Person who has worked on the Accused Products.

### RESPONSE TO REQUEST NO. 11

Defendants object to Request No. 11 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrase "has worked on the Accused Products."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 12

Produce all Documents and things, including any drawings, sketches, work logs, diaries, research, laboratory notebooks, engineering notebooks, source code archives or other evidence, Concerning the development of the Accused Products.

**RESPONSE TO REQUEST NO. 12**

Defendants object to Request No. 12 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 13**

Produce all Documents and things, including all descriptions, write-ups, reports, and disclosures, describing or depicting the Accused Products, any related planned products, prototypes, models, and research and development projects.

**RESPONSE TO REQUEST NO. 13**

Defendants object to Request No. 13 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrase "related planned products, prototypes, models, and research and development projects."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 14

Produce, separately for each Accused Product, documents sufficient to show the operation of the Accused Products, including how "Group Risk Scores" are calculated, how data are collected for use by the Accused Products, and data handling procedures for the Accused Products, with such documents to include Computer Instruction Information stored in each Accused Product, design specifications, architectural diagrams, block diagrams, functional block diagrams, logic flow diagrams, intermediary design documents, data sheets, application notes, interfacing diagrams, customer presentations, marketing reports and materials, instructions and/or user manuals, and training instructions.

## RESPONSE TO REQUEST NO. 14

Defendants object to Request No. 14 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 15

14

Produce all Documents and things Concerning any patents or patent applications (whether in or outside of the United States) assigned to or licensed to You, or applied for by any past or present employee, relating to AI solutions for the insurance industry and/or practiced by You, including but not limited to all Documents Concerning the prosecution of such applications.

## RESPONSE TO REQUEST NO. 15

Defendants object to Request No. 15 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to Request No. 15 as vague and ambiguous at least as to the phrases "AI solutions for the insurance industry," "practiced by You," and "relating to." Defendants further object to this Request to the extent that it calls for public documents equally available to Plaintiffs.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 16

Produce all Documents and things Concerning Your sales of the Accused Products by customer, year, quarter and month, including Your first offer for sale and first sale of the Accused Products.

## RESPONSE TO REQUEST NO. 16

15

Defendants object to Request No. 16 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 17**

Produce Documents and things sufficient to determine the revenue for each Accused Product sold or licensed.

**RESPONSE TO REQUEST NO. 17**

Defendants object to Request No. 17 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular in light of the broad definition of "Accused Product." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 18**

16

Produce Documents and things sufficient to determine the unit price for each sale or license of the Accused Products.

## RESPONSE TO REQUEST NO. 18

Defendants object to Request No. 18 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 19

Produce Documents and things sufficient to determine the unit cost for each sale or license of the Accused Products.

## RESPONSE TO REQUEST NO. 19

Defendants object to Request No. 19 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs

identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 20

Produce Documents and things sufficient to determine the unit expense for each sale or license of the Accused Products.

### RESPONSE TO REQUEST NO. 20

Defendants object to Request No. 20 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 21

Produce Documents and things sufficient to determine the gross and net profit for each sale or license of the Accused Products.

### RESPONSE TO REQUEST NO. 21

Defendants object to Request No. 21 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents

that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 22

Produce all Documents and things Concerning marketing and/or sales of the Accused Products, including all summaries of such sales.

## RESPONSE TO REQUEST NO. 22

Defendants object to Request No. 22 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrases "Concerning marketing" and "summaries of such sales."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 23

Produce all Documents and things Concerning competitive practices, sales and marketing strategies, or customers for the Accused Products.

**RESPONSE TO REQUEST NO. 23**

Defendants object to Request No. 23 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 24**

Produce all Documents and things Concerning, reflecting, or reporting sales projections, market analyses or evaluations, business plans, marketing plans or other analyses of market or sales potential or licensing with respect to the Accused Products.

**RESPONSE TO REQUEST NO. 24**

Defendants object to Request No. 24 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Defendants further object to this Request as vague and ambiguous, at least as to the phrase "analyses of market or sales potential or licensing with respect to the Accused Products."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 25

Produce all Documents and things Concerning any proposed licenses, offers to license or requests to license the Accused Products, including the Identity of each Person that was a potential customer, licensee or contributor of the Accused Products.

## RESPONSE TO REQUEST NO. 25

Defendants object to Request No. 25 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the terms "proposed licenses," "offers to license" and "requests to license."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 26

21

Produce all Documents and things Concerning any licenses or royalty agreements granted to any Person to make, use, offer to sell or sell the Accused Products, including Documents Concerning the amount of royalties paid under any such license agreement.

**RESPONSE TO REQUEST NO. 26**

Defendants object to Request No. 26 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 27**

Produce all Documents and things depicting any evaluation, analysis, examination, study, and/or test of the Accused Products, including third Person reviews.

**RESPONSE TO REQUEST NO. 27**

Defendants object to Request No. 27 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 28

Produce all Documents and things Concerning any study, investigation, or analysis regarding the infringement, non-infringement, validity, invalidity, enforceability or non-enforceability of the Asserted Patents.

### RESPONSE TO REQUEST NO. 28

Defendants object to Request No. 28 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request to the extent that it purports to call for legal conclusions. Defendants further object to Request No. 28 to the extent that it prematurely seeks information that is the subject of expert testimony. Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants state that to the best of their present understanding no responsive, non-privileged documents predating the Complaint exist. Defendants will produce patent disclosures, expert reports, and related materials in compliance with the Scheduling Order.

### REQUEST NO. 29

Produce all Documents and things Concerning any prior art which You contend renders the Asserted Patents not infringed, invalid or unenforceable.

**RESPONSE TO REQUEST NO. 29**

Defendants object to Request No. 29 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request to the extent that it purports to call for legal conclusions. Defendants further object to Request No. 29 to the extent that it prematurely seeks information that is the subject of expert testimony. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce patent disclosures, expert reports, and related materials in compliance with the Scheduling Order.

**REQUEST NO. 30**

Produce all Documents and things Concerning any searches, investigations or other efforts to identify prior art pertaining to the Asserted Patents, or any subject matter disclosed or claimed in the Asserted Patents.

**RESPONSE TO REQUEST NO. 30**

Defendants object to Request No. 30 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request to the extent that it purports to call for legal conclusions. Defendants further object to Request No. 30 to the extent that it prematurely seeks information that is the subject of expert testimony. Expert reports and

testimony will be produced in compliance with the Scheduling Order entered in this case. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants state that to the best of their present understanding no responsive, non-privileged documents predating the Complaint exist. Defendants will produce patent disclosures, expert reports, and related materials in compliance with the Scheduling Order.

## REQUEST NO. 31

Produce all Documents and things Concerning any analysis conducted regarding the Asserted Patents, including any analysis regarding either their validity or claim scope.

## RESPONSE TO REQUEST NO. 31

Defendants object to Request No. 31 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request to the extent that it purports to call for legal conclusions. Defendants further object to Request No. 30 to the extent that it prematurely seeks information that is the subject of expert testimony. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants state that to the best of their present understanding no responsive, non-privileged documents predating the Complaint exist. Defendants will produce patent disclosures, expert reports, and related materials in compliance with the Scheduling Order.

## REQUEST NO. 32

Produce all Documents and things that refer to or reflect any Communication between You and any other Person, including potential customers, actual customers, and investors, Concerning the Accused Products.

**RESPONSE TO REQUEST NO. 32**

Defendants object to Request No. 32 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the term "potential customers."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 33**

Produce all Documents and things that refer to or reflect any Communication between You and any other Person, including potential customers, actual customers, and investors, Concerning the Asserted Patents, Plaintiffs, or the Litigation.

**RESPONSE TO REQUEST NO. 33**

Defendants object to Request No. 33 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents" and is not limited in time. Defendants further object to this Request on the ground that it calls for

documents that are protected from disclosure by the work product doctrine and/or the attorney

client privilege.  Defendants further object to this Request as vague and ambiguous, at least as to

the term "potential customers."  Defendants further object to Request No. 33 to the extent it calls

for the production of documents post-dating the filing of this lawsuit (May 25, 2021).

Subject to and without waiving these objections and/or the General Objections,

Defendants state that to the best of their present understanding no responsive, non-privileged

documents predating the Complaint exist concerning the Asserted Patents, the Litigation, or

Plaintiff Vigilytics.  Defendants are willing to meet and confer regarding the scope and relevance

of the Request insofar as it extends to pre-Complaint communications concerning the Milliman

Plaintiffs.

### REQUEST NO. 34

Produce all Documents and things Concerning any complaint received from a user,

customer, or client regarding the Accused Products.

### RESPONSE TO REQUEST NO. 34

Defendants object to Request No. 34 as overbroad, unduly burdensome, not relevant, and

not proportional to the needs of the case, in particular to the extent it seeks "all Documents and

things," is not limited in time, and in light of the broad definition of "Accused Products."

Defendants further object to this Request as vague and ambiguous, at least as to the term

"complaint."  Defendants further object to this Request on the ground that it calls for documents

that are protected from disclosure by the work product doctrine and/or the attorney client

privilege.

Subject to and without waiving these objections and/or the General Objections,

Defendants will not produce documents responsive to this Request at least until Plaintiffs

identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 35

Produce all Documents and things Concerning any contracts or agreements, or drafts thereof, regarding the Accused Products or products, services, or platforms that include the Accused Products, including any contracts or agreements regarding ownership, sale, transfer, licensing or use of the technology in the Accused Products.

### RESPONSE TO REQUEST NO. 35

Defendants object to Request No. 35 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrase "technology in the Accused Products."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 36

Produce all Documents and things Concerning Your relationship with Cure.

### RESPONSE TO REQUEST NO. 36

Defendants object to Request No. 36 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," and is not limited in time.  Defendants further object to this Request as vague and ambiguous at least as to the phrase "relationship with" and "Cure."  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request to the extent it seeks information equally available to Plaintiffs.

Subject to and without waiving these objections and/or the General Objections, Defendants state that they are willing to meet and confer regarding the scope of this Request, but Defendants will not produce any responsive documents subject to their § 42D Objection.

## REQUEST NO. 37

Produce all Documents and things Concerning Your and Cure's response to G&A Partners' Request for Proposal, attached as Exhibit 8 to the Complaint.

## RESPONSE TO REQUEST NO. 37

Defendants object to Request No. 37 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request as vague and ambiguous at least as to the word "Cure."  Defendants presume that Plaintiffs intended to refer to "Curv."  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request to the extent it seeks information equally available to Plaintiffs.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 38**

Produce all Documents and things Concerning any proof of concept studies or bidding simulations You have performed or run for potential or actual customers in the health insurance underwriting industry.

**RESPONSE TO REQUEST NO. 38**

Defendants object to Request No. 38 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request as vague and ambiguous, at least as to the phrases "proof of concept studies," "bidding information," and "health insurance underwriting industry," and term "potential . . . customer."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 39**

Produce all Documents and things You rely on, or intend to rely on, to defend against Plaintiffs' claims.

30

**RESPONSE TO REQUEST NO. 39**

Defendants object to Request No. 39 on the grounds that it is premature.  Defendants also object to this Request on the grounds that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request on the ground that it seeks documents that are already in the possession of the          Plaintiffs.          Defendants          further          object          to          the          extent          this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

**REQUEST NO. 40**

Produce all Documents and things that tend to support or refute a contention that the Asserted Patents are not infringed or that infringement is not willful.

**RESPONSE TO REQUEST NO. 40**

Defendants object to Request No. 40 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request to the extent that it purports to call for legal conclusions.  Defendants further object to Request No. 40 to the extent that it prematurely seeks information that is the subject of expert testimony.  Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case and are not addressed by the response below.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or

31

the attorney client privilege. Defendants further object that this Request is better understood as a contention interrogatory. Defendants further object to this Request on the ground that it seeks documents that are already in the possession of the Plaintiffs. Defendants further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

### REQUEST NO. 41

Produce all Documents and things that tend to support or refute a contention that the Asserted Patents are invalid under 35 U.S.C. §§ 102, 103 and/or 112.

### RESPONSE TO REQUEST NO. 41

Defendants object to Request No. 41 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request to the extent that it purports to call for legal conclusions. Defendants further object to Request No. 41 to the extent that it prematurely seeks information that is the subject of expert testimony. Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object that this Request is better understood as a contention interrogatory. Defendants further object to this Request on the ground that it seeks documents that are already

in the possession of the Plaintiffs.  Defendants further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce patent disclosures, expert reports, and related materials in compliance with the Scheduling Order.

## REQUEST NO. 42

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claim against Smith and Pettus for breach of contract.

## RESPONSE TO REQUEST NO. 42

Defendants object to Request No. 42 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request to the extent that it purports to call for legal conclusions.  Defendants further object to Request No. 42 to the extent that it prematurely seeks information that is the subject of expert testimony.  Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case and are not addressed by the response below.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object that this Request is better understood as a contention interrogatory.  Defendants further object to this Request on the ground that it seeks documents that are already in the possession of the Plaintiffs.  Defendants further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are

33

within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

## REQUEST NO. 43

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claims against Defendants for violation of the Defend Trade Secrets Act, 18 U.S.C.§ 1836.

## RESPONSE TO REQUEST NO. 43

Defendants object to Request No. 43 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request to the extent that it purports to call for legal conclusions. Defendants further object to Request No. 43 to the extent that it prematurely seeks information that is the subject of expert testimony. Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case and are not addressed by the response below. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object that this Request is better understood as a contention interrogatory. Defendants further object to this Request on the ground that it seeks documents that are already in the possession of the Plaintiffs. Defendants further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

## REQUEST NO. 44

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claims against Defendants for violation of the Massachusetts Uniform Trade Secrets Act.

## RESPONSE TO REQUEST NO. 44

Defendants object to Request No. 44 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request to the extent that it purports to call for legal conclusions.  Defendants further object to Request No. 44 to the extent that it prematurely seeks information that is the subject of expert testimony.  Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case and are not addressed by the response below.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object that this Request is better understood as a contention interrogatory.  Defendants further object to this Request on the ground that it seeks documents that are already in the possession of the Plaintiffs.  Defendants further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

## REQUEST NO. 45

Produce all Documents and things that tend to support or refute Plaintiffs' contentions regarding its claims against Defendants for violation of Mass. Gen. L. c. 93A.

## RESPONSE TO REQUEST NO. 45

Defendants object to Request No. 45 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request to the extent that it purports to call for legal conclusions.  Defendants further object to Request No. 45 to the extent that it prematurely seeks information that is the subject of expert testimony.  Expert reports and testimony will be produced in compliance with the Scheduling Order entered in this case and are not addressed by the response below.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object that this Request is better understood as a contention interrogatory.  Defendants further object to this Request on the ground that it seeks documents that are already in the possession of the Plaintiffs.  Defendants further object to the extent this Request is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

## REQUEST NO. 46

Produce Documents and things sufficient to disclose Your corporate organizational structure from Gradient's inception to the present date, including all owners, investors and any parents, subsidiaries, affiliates, divisions, predecessors, or successors.

36

**RESPONSE TO REQUEST NO. 46**

Defendants object to Request No. 46 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

**REQUEST NO. 47**

Produce all Documents identified in or used in preparing Defendants' responses to Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST NO. 47**

Defendants object to Request No. 47 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce non-privileged documents responsive to the Request to the extent such documents are within Defendants' possession, custody, or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

**REQUEST NO. 48**

Produce all Documents that support or refute any allegations in Defendants' answer, affirmative defenses, or counterclaims filed in the Litigation.

**RESPONSE TO REQUEST NO. 48**

Defendants object to Request No. 48 on the grounds that it is premature. Defendants further object to this Request as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request to the extent that it is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

**REQUEST NO. 49**

Produce all Documents supplied to Your experts or consultants in the Litigation.

**RESPONSE TO REQUEST NO. 49**

Defendants object to Request No. 49 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request to the extent that it imposes

obligations upon Defendants more than what is required under Federal Rule of Civil Procedure 26 and/or the provisions of the parties' stipulated Protective Order.

Subject to and without waiving these objections and/or the General Objections, Defendants will exercise their rights and comply with their obligations under the Scheduling Order, the Protective Order, and Fed. R. Civ. P. 26.

## REQUEST NO. 50

Produce all Documents You intend to use at trial in the Litigation.

## RESPONSE TO REQUEST NO. 50

Defendants object to Request No. 50 as premature.  Defendants further object to this Request to the extent that it is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce documents responsive to this Request, to the extent such documents are within Defendants' possession, custody or control and can be located by a reasonable search and investigation, and subject in all cases to Defendants' § 42D Objection.

## REQUEST NO. 51

Produce all Documents and things Concerning a patent dispute, license, settlement agreement, or other agreement, or covenant not to sue, in which the subject matter relates to an Accused Product.

## RESPONSE TO REQUEST NO. 51

Defendants object to Request No. 51 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time and in light of the broad definition of "Accused Product." Defendants further object Defendants further object to this Request on the ground that it calls for

documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants state that they are not aware of any past or present patent disputes relating to the Accused Products besides the present litigation.

## REQUEST NO. 52

Produce all Documents and things produced to any Defendant by a third party in connection with this Litigation or by another party to this Litigation, whether or not in response to a subpoena or formal discovery request.

## RESPONSE TO REQUEST NO. 52

Defendants object to Request No. 52 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, including to the extent that it seeks documents produced "by another party to this Litigation," and documents "not in response to a subpoena or formal discovery request."

Subject to and without waiving these objections and/or General Objections, Defendants will produce any documents that it receives from third parties in response to any subpoena issued by Defendants in this litigation.

## REQUEST NO. 53

Produce all Documents and things Concerning an agreement by or on behalf of any Defendant with a witness identified in this Litigation, including without limitation witnesses identified in a party's initial disclosures, witnesses subpoenaed by a party, witnesses noticed for deposition by a party, or witnesses identified in a witness list by a party.

## RESPONSE TO REQUEST NO. 53

Defendants object to Request No. 53 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request as vague and ambiguous at least as to the phrase "[c]oncerning an agreement by or on behalf of any Defendant with a witness identified in this Litigation."

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope of this request to better understand what Plaintiffs seek.

### REQUEST NO. 54

Produce all Documents and things Concerning compensation by or on behalf of any Defendant of a witness identified in this Litigation, including without limitation witnesses identified in a party's initial disclosures, witnesses subpoenaed by a party, witnesses noticed for deposition by a party, or witnesses identified in a witness list by a party.

### RESPONSE TO REQUEST NO. 54

Defendants object to Request No. 54 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time.  Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.  Defendants further object to this Request as vague and ambiguous at least as to the phrase "[c]oncerning compensation by or on behalf of any Defendant of a witness identified in this Litigation."

41

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope of this request to better understand what Plaintiffs seek.

## REQUEST NO. 55

Produce all Documents Concerning an agreement by, or obligation of, a Person to indemnify any Defendant with respect to liability for patent infringement related to manufacture, use or sale of an Accused Product.

## RESPONSE TO REQUEST NO. 55

Defendants object to Request No. 55 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants will produce non-privileged documents responsive to the Request to the extent such documents are within Defendants' possession, custody, or control and can be located by a reasonable search and investigation.

## REQUEST NO. 56

Produce all Documents and things Concerning the costs, funding, and accounting for conception, design, research, development, manufacture, use, and/or marketing of any Accused Product.

## RESPONSE TO REQUEST NO. 56

Defendants object to Request No. 56 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Product." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request to the extent that it is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 57

Produce all Documents and things Concerning an actual or advertised benefit of an Accused Product.

## RESPONSE TO REQUEST NO. 57

Defendants object to Request No. 57 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time and in light of the broad definition of "Accused Product." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request on the grounds that it seeks documents that are already in the possession of Milliman and/or easily attainable from public sources. Defendants further object to this Request to the extent that it is duplicative of other Requests.

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 58

Produce all Documents and things Concerning budgets, financial plans or reports, marketing plans or reports, strategic plans or reports, profit and loss statements, tax returns and reports, annual reports, and regulatory reports relating to each Accused Product.

### RESPONSE TO REQUEST NO. 58

Defendants object to Request No. 58 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Product." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous at least as to the phrase "relating to."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

### REQUEST NO. 59

44

Produce all Documents and things Concerning competitive evaluation, comparison or testing of a Milliman and/or Vigilytics product or third-party product in relation to an Accused Product.

## RESPONSE TO REQUEST NO. 59

Defendants object to Request No. 59 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrase "in relation to."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

## REQUEST NO. 60

Produce all Documents and things Concerning any competitor in the market relating to the subject matter of a claim of an Asserted Patent, including without limitation the actual or projected market share of each, including identification of each of competitor with respect to each Accused Product and their respective actual and projected share of the market.

## RESPONSE TO REQUEST NO. 60

Defendants object to Request No. 60 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Product."

Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrase "relating to the subject matter of a claim of an Asserted Patent." Defendants further object to this Request to the extent that it implicates Defendants' § 42D Objection.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of this Request.

## REQUEST NO. 61

Produce all Documents and things Concerning Gradient's board of directors meetings or other management meetings that relate to any Plaintiff, an Asserted Patent, or this Litigation or other actual, threatened, or contemplated patent litigation relating to an Accused Product.

## RESPONSE TO REQUEST NO. 61

Defendants object to Request No. 61 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Product." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrase "relating to."

In light of the foregoing objections, Defendants will not produce documents responsive to Request No. 61.

## REQUEST NO. 62

Produce all prospectuses and private placement offerings and memoranda, draft SEC, and annual reports registration statements from 2018 to present.

## RESPONSE TO REQUEST NO. 62

Defendants object to Request No. 62 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all prospectuses and private placement offerings and memoranda, draft SEC, and annual reports registration statements." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of this Request.

## REQUEST NO. 63

Produce all Documents and things Concerning a policy or practice held by any Defendant regarding infringement or avoidance of infringement of intellectual property rights of third parties.

## RESPONSE TO REQUEST NO. 63

Defendants object to Request No. 63 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things" and is not limited in time. Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege.

Subject to and without waiving these objections and/or the General Objections, Defendants are willing to meet and confer regarding the scope and relevance of this Request.

47

**REQUEST NO. 64**

Produce all Documents and things Concerning the calibration of "Group Risk Score" models used by the Accused Products or the scores generated by those models.

**RESPONSE TO REQUEST NO. 64**

Defendants object to Request No. 64 as overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, in particular to the extent it seeks "all Documents and things," is not limited in time, and in light of the broad definition of "Accused Products." Defendants further object to this Request on the ground that it calls for documents that are protected from disclosure by the work product doctrine and/or the attorney client privilege. Defendants further object to this Request as vague and ambiguous, at least as to the phrases "calibration of 'Group Risk Score' models" and "scores generated by these models."

Subject to and without waiving these objections and/or the General Objections, Defendants will not produce documents responsive to this Request at least until Plaintiffs identify their alleged trade secrets with sufficient particularity to meet their obligations under Massachusetts General Laws chapter 93, § 42D(b).

Dated: April 18, 2022

Respectfully submitted,

GRADIENT A.I. CORP., STANFORD A.
SMITH, and SAMUEL CHASE PETTUS

By their attorneys,

*/s/ Paul D. Popeo*
Paul D. Popeo (BBO No. 567727)
Michael H. Bunis (BBO No. 566839)
Sophie F. Wang (BBO No. 679642)
Kevin C. Quigley (BBO No. 685015)
John C. Calhoun (BBO No. 694479)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, MA  02110
Tel.: (617) 248-5000
Fax: (617) 248-4000
*ppopeo@choate.com*
*mbunis@choate.com*
*swang@choate.com*
*kquigley@choate.com*
*jcalhoun@choate.com*

## CERTIFICATE OF SERVICE

I hereby certify that this document was served upon the attorney(s) of record for Defendants via electronic mail on April 18, 2022.

*/s/ Kevin C. Quigley*
Kevin C. Quigley