# EXHIBIT F

| | |
|---|---|
| **From:** | Quigley, Kevin C. |
| **To:** | Gavin, John L. |
| **Cc:** | Gately, Jillian; Centurelli, Christopher; Noah Graubart; Popeo, Paul; Bunis, Michael (EXTERNAL); McElhinny, Patrick; Knedeisen, Mark G.; Shabalov, Anna |
| **Subject:** | RE: Milliman v. Gradient - Meet and Confer Follow-up |
| **Date:** | Wednesday, May 4, 2022 2:27:13 PM |

**External Sender:**

John,

I pointed to the set of requests for which Defendants were willing to meet and confer simply to correct any misimpression that Defendants' 42D Objection applied to all but two RFPs. The parties seem to agree that the sufficiency of Plaintiffs' trade secret disclosure is the principal gating issue to further discovery.

I'm happy to re-open our conferral if there is any prospect of Plaintiffs providing a more specific and/or less open-ended disclosure than what was served on March 28 (together with your forthcoming document production). Defendants genuinely just do not understand — and would like to understand — what, exactly, Plaintiffs claim to be their misappropriated trade secrets. Please feel free to give me a call if you or Chris would like to speak some more on that front.

As for authority "[we] would like [you] to consider" besides your own research, you should consider the Massachusetts and California case law cited in our April 18 letter, along with the language of the statute itself.

Best,

Kevin

**From:** Gavin, John L. <John.Gavin@klgates.com>
**Sent:** Tuesday, May 3, 2022 4:52 PM
**To:** Quigley, Kevin C. <kquigley@choate.com>
**Cc:** Gately, Jillian <jgately@choate.com>; Centurelli, Christopher <Christopher.Centurelli@klgates.com>; Noah Graubart <graubart@fr.com>; Popeo, Paul <ppopeo@choate.com>; Bunis, Michael <mbunis@choate.com>; McElhinny, Patrick <Patrick.McElhinny@klgates.com>; Knedeisen, Mark G. <Mark.Knedeisen@klgates.com>; Shabalov, Anna <Anna.Shabalov@klgates.com>
**Subject:** RE: Milliman v. Gradient - Meet and Confer Follow-up

**\*\*External Email\*\***

Kevin,

Responses to your bulleted points are in red below.

Best,
John

---

**From:** Quigley, Kevin C. <kquigley@choate.com>
**Sent:** Tuesday, May 3, 2022 2:41 PM
**To:** Gavin, John L. <John.Gavin@klgates.com>
**Cc:** Gately, Jillian <jgately@choate.com>; Centurelli, Christopher <Christopher.Centurelli@klgates.com>; Noah Graubart <graubart@fr.com>; Popeo, Paul <ppopeo@choate.com>; Bunis, Michael (EXTERNAL) <mbunis@choate.com>
**Subject:** RE: Milliman v. Gradient - Meet and Confer Follow-up

John and Chris,

Thanks for the call yesterday.  A few more notes below:

- We reached agreement on the 10 ESI custodians for each side exchanged on April 22.  As I noted, any changes to those lists will be governed by the language in the ESI Order.

  That parties agreed to collect electronically stored information ("ESI") from the 10 initial custodians each side exchanged on April 22.  We further agreed that the ESI Order applies to the collection and production of documents in this case. The ESI order provides that "[t]he parties . . . reserve the right to seek additional ESI custodians identified through discovery."

- Defendants stand by their 42D Objection.  At several points during our call, I said that Defendants were willing to confer about specific discovery requests to see if the parties could reach agreement (including with respect to the numerous RFPs for which Defendants stated in their April 18 responses that they were willing to confer about scope and relevance).  Plaintiffs declined to confer about specific requests aside from Interrogatory Nos. 1, 3, and 5.

  We understand Defendants stand by their 42D Objections.  Defendants' April 18 responses cited your 42D Objection in response to 44 of the 64 requests.  In response to 8 other requests (Nos. 28-31, 41, 49, 51, and 61), Defendants did not offer to meet and confer. Defendants agreed to produce responsive document with respect to 2 requests (Nos. 52 and 55).  Defendants offered to meet and confer regarding only the remaining 10 requests (Nos. 3, 5-8, 33, 53, 54, 62, and 63).

  As we discussed, the primary purpose of the motion to compel is with respect to Defendants' technical documentation and development information, particularly in light of

<span style="color:red">the upcoming deadline for infringement contentions.  None of the 10 RFPs about which Defendants offered to meet and confer are central to those issues, and you reiterated on our call yesterday that Defendants would not produce such documents absent a supplemental 42D disclosure by Plaintiffs.  As such, an agreement by Defendants to respond to RFPs No. 3, 5-8, 33, 53, 54, 62, and 63 will not obviate the need for a motion to compel.

Notwithstanding the above, please identify the 10 requests noted above to which Defendants are willing to respond so that we can narrow the scope of our forthcoming motion.  We are available tomorrow, May 4, to meet and confer regarding those requests if Defendants are prepared to provide substantive responses.</span>

- I noted that the cases Defendants cited in their April 18 letter, among other cases, support Defendants' interpretation of Section 42D.

  <span style="color:red">We agree we discussed the California cases cited in your April 18 letter.  We also asked if Defendants had any other case law to support its position and you stated you had none, but reserved the right to research further.  If you have additional case law you would like us to consider, please provided it to us by Wednesday, May 4.</span>

- You invited Defendants to supplement their responses to Interrogatory Nos. 1, 3, and/or 5 by the end of this week.  We are considering whether supplementation is appropriate.

  <span style="color:red">We asked Defendants if they were willing to supplement any of their Interrogatory responses, including Nos. 1, 3 and 5 which are particularly relevant to Plaintiffs' up-coming infringement contentions, and indicated that if we did not receive a supplementation from you we would consider that a declination to supplement Defendants' responses.  Please let us know by Wednesday, May 4, if Defendants are willing to supplement their Interrogatory responses.  Thank you.</span>

Best,

Kevin

---

**From:** Gavin, John L. <John.Gavin@klgates.com>
**Sent:** Monday, May 2, 2022 3:40 PM
**To:** Gately, Jillian <jgately@choate.com>; Quigley, Kevin C. <kquigley@choate.com>
**Cc:** Centurelli, Christopher <Christopher.Centurelli@klgates.com>; Noah Graubart <graubart@fr.com>
**Subject:** Milliman v. Gradient - Meet and Confer Follow-up

**\*\*External Email\*\***

---

Kevin and Jill,

Thank you for the call this morning to meet and confer regarding ESI custodians and Defendants'

discovery responses.

As we agreed on the call, each side will collect for review and production ESI from the 10 initial custodians identified in the emails we exchanged on April 22.  As we noted, the list of 10 Gradient/Smith/Pettus custodians is intended to be preliminary, and we reserve the right to supplement the list in light of discovery in this matter.

Regarding Defendants' discovery responses, you stated that Defendants will stand on their objections and will not produce any documents except in response to Plaintiffs Requests 52 and 55 or supplemental any interrogatory responses at least until the Court finds Plaintiff disclosure is adequate or Plaintiffs correct the purported deficiencies you allege exist in Plaintiffs' trade secret identification (e.g., that it is non-limiting and not allegedly particular enough).  We discussed Plaintiffs' position that 1) the trade secret identification Plaintiffs served March 28 is sufficiently particular to allow discovery to proceed, and there is no obligation that the disclosure needs to be non-limiting at this early stage of the case, and 2) even if the identification were insufficient, Plaintiffs are entitled to discovery at least as to documents related to their other claims (e.g., the development documents and source code for the accused products, responses to Interrogatory Nos. 1, 3 and 5, etc.).  Despite our request that Defendants do so, you provided no Massachusetts authority contrary to the <u>Mirakl Inc. v. VTEX Commerce Cloud Sols. LLC</u> decision we identified, and stated instead Defendants' refusal was based upon statutory interpretation.  We were unable to reach agreement on these issues.  As we indicated, Plaintiffs intend to file a motion to compel discovery responses from Defendants.

Best,
John



**John Gavin**
Associate
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Phone: 617-951-9204
Cell: 336-953-2931
Fax: 617-261-3175
john.gavin@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com