## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MILLIMAN, INC., MILLIMAN SOLUTIONS, LLC, and VIGILYTICS LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 1:21-cv-10865-NMG |
| vs. | ) ) | |
| GRADIENT A.I. CORP., STANFORD A. SMITH, and SAMUEL CHASE PETTUS, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS'
## RENEWED MOTION TO COMPEL DISCOVERY RESPONSES

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, Plaintiffs Milliman, Inc., Milliman Solutions, LLC (collectively, "Milliman"), and Vigilytics LLC ("Vigilytics," and together with Milliman, "Plaintiffs") respectfully renew their motion to compel Defendants Gradient A.I. Corp. ("Gradient"), Stanford A. Smith ("Smith"), and Samuel Chase Pettus ("Pettus," and, collectively with Gradient and Smith, "Defendants") to provide substantive responses to Plaintiffs' First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production ( "Requests") served March 17, 2022 (collectively "Discovery Requests").

## I.      INTRODUCTION

Plaintiffs file this Renewed Motion to Compel because Defendants have taken the extraordinary position that they will not respond to discovery requests at all, regardless of whether Plaintiffs' § 42D Disclosure, as supplemented twice now, is adequate. *See* Exhibit E (noting that based on Defendants' § 42D Objection "and on the basis of the forthcoming motion for summary

judgment, Defendants do not intend to provide further discovery relating to Plaintiffs' trade secret claims"). The basis for this extreme position is their intent to file, at some unspecified future time, a motion for partial summary judgment on the trade secret claims, apparently also contending that no discovery should proceed on the other claims in the case, such as the six counts of patent infringement, while that motion is briefed and adjudicated.

This Court should grant the Renewed Motion because:

(1) Plaintiffs have complied with the Court's order to supplement their trade secret disclosure by providing a further explanation of "how certain documents identified in the disclosure contain or reflect the alleged trade secrets and formulas" so that the Court can "determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense" under MUTSA. *See* Memorandum and Order on Motion to Compel and Cross Motion for Protective Order (Dkt. #70) (the "Order") at 4–5.

(2) Defendants have now conceded that Plaintiffs' § 42D Disclosure is adequate to allow them to prepare a defense, as they have expressed an intention to file a motion for partial summary judgment on Plaintiffs' trade secret claims; and

(3) Defendants have no legitimate basis to refuse to provide requested discovery until a motion for partial summary judgement that they have yet to file is briefed and decided. To the contrary, the basis for the purported motion was available to them at the outset of the case and there is no provision in the Scheduling Order (Dkt. #52) negotiated by the parties and approved by the Court that allows them to unilaterally defer discovery during this process. Nor is there any reason to defer discovery because, by definition, their motion for ***partial*** summary judgment cannot resolve the majority of claims in the case. For example, Plaintiffs' patent infringement claims will move forward regardless of the outcome of the eventual motion.

Accordingly, this Court should reject Defendants' continued efforts to stonewall discovery, confirm that the Order is extinguished, and further order Defendants to provide full and complete responses to Plaintiffs' discovery requests without further delay.  Plaintiffs respectfully request that the Court order Defendants to immediately (i) provide substantive responses to Interrogatories 1−6, 8−10, 12, and 13 and (ii) produce documents responsive to Requests 1−51, 53−54, and 56−64, including all information regarding the design, development, implementation, use and licensing of the Accused Products, including a full copy of their source code for the Accused Products.

## II.    BACKGROUND

Following the July 8, 2022 hearing on Plaintiffs' Motion to Compel (Dkt. #54), and Defendants' Cross Motion for Protective Order (Dkt. #59), the Court entered an order requiring Plaintiffs to supplement their trade secret disclosure within fourteen days.[1]  Order at 5−6.  The Order required Plaintiffs to provide a further explanation of "how certain documents identified in the disclosure contain or reflect the alleged trade secrets and formulas" so that the Court can "determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense" under MUTSA.  *See id.* at 3−4, 6.  Plaintiffs provided Defendants a Supplemental Trade Secret Disclosure on July 21, 2022 (the "Supplemental Disclosure" *see* Exhibit A).  In keeping with § 42D and the Order, the Supplemental Disclosure identified and explained how Milliman's Trade Secrets are embodied in documents to which Defendants had access while employed at Milliman, including Calibration Studies, Sales Presentations and Health Services Agreements, some of which they improperly sent to themselves, and upon information

---

[1] As the Court is familiar with Plaintiffs' Motion to Compel (Dkt. #54) and the Order, Plaintiffs do not restate that information here, but rather refer to and incorporate by reference the their Motion to Compel (Dkt. #54) and supporting Memorandum (Dkt. #55, including Exhibits 55.1-55.6) as if set forth fully herein.

and belief, later used to develop Gradient's competing group risk score health practice business. *See* Exhibit A.

Despite this, by letter dated July 28, 2022, Defendants still refused to provide discovery, arguing that the Supplemental Disclosure (1) was overbroad, (2) failed to identify what information was a trade secret and what information was not, seeking a numbered delineations of the asserted trade secrets and (3) failed to specify all of the claimed formulas, models, and methods. *See* Exhibit B.  On August 2, 2022, Plaintiffs responded with a letter addressing Defendants' arguments.  *See* Exhibit C.  Notwithstanding Plaintiffs' position that the Supplemental Disclosure was sufficient, as a compromise and in an effort to allow discovery to commence without further involvement of the Court, Plaintiffs served a Second Supplemental Disclosure on August 2, 2022(the "Second Supplemental Disclosure" *see* Exhibit D).   The Second Supplemental Disclosure identifies Milliman's Trade Secrets that Defendants misappropriated in the numbered format Defendants requested.

Defendants, however, remained obstinate in their refusal to provide Plaintiffs substantive discovery.  *See* Exhibit E.  Defendants' primary objection mirrors an argument already made and implicitly rejected by this Court.  Specifically, without any basis in the statute, they assert that disclosures thereunder may not be amended or supplemented during the litigation.[2]  *See* Exhibit E.

---

[2] During the parties' August 8, 2022 meet and confer, this issue was presented as the use of the word "including" in the numbered paragraphs of the Second Supplemental Disclosure.  As explained by Plaintiffs in the meet and confer, Defendants misinterpret the use of the word "including" in the Second Supplemental Disclosure. The use of the word "including" in the numbered paragraphs is intended to denote further specific elements of an alleged numbered trade secret that Plaintiffs have a good faith basis to believe Defendants misappropriated.  Plaintiffs' counsel confirmed that Plaintiffs' identification of trade secrets misappropriated by Defendants is presently limited to the items specifically identified in the numbered paragraphs of the Second Supplemental Disclosure.  *See* Exhibit D.  Plaintiffs merely reserved the right to supplement their trade secret identification in the event, however remote, discovery reveals Defendants misappropriated additional Milliman Trade Secrets.

At the August 8, 2022 meet and confer, Defendants also took issue with the manner in which the Second Supplemental Disclosure described certain information known to Milliman (specifically items 13(h)(second bullet) and 13(k)(second bullet) in the Second Supplemental Disclosure). Plaintiffs' counsel confirmed that the disclosure meant that information is a trade secret, and that the inclusion was not meant as an explanation of any other trade secret.

Notwithstanding these discussions, Defendants continued their unilateral stonewalling, refusing to comply with the Order's requirement that they "resum[e] their response to plaintiffs' discovery requests." Order at 6. Plainly, the Order requires Defendants to either provide substantive responses to Plaintiffs' discovery requests, or request a continuance of the Order. Defendants refused to take either action. Rather than engage further discussion regarding whether the clarifications provided by Plaintiffs at the August 8 meet and confer addressed Defendants' objections, the next day Defendants informed Plaintiffs they intended to "move for partial summary judgment dismissing Counts VII-XII [(the breach of confidentiality agreement, misappropriation of trade secret, and c. 93A claims)] of the Complaint without further discovery." *See* Exhibit E. The following day, Defendants again confirmed that, on the basis of their § 42D Objection "and on the basis of the forthcoming motion for summary judgment, Defendants do not intend to provide further discovery relating to Plaintiffs' trade secret claims." *See id.* Notably, this assertion not only reflects Defendants' continued refusal to provide Plaintiffs any "further" discovery, but it also overstates the record -- in fact, no substantive discovery has yet been provided, and Plaintiffs assert that all discovery in the case is related to Plaintiffs' trade secret claims. *See* Defendants' Memorandum in Opposition to Motion to Compel and in Support of Cross-Motion for Protective Order (Dkt. #60), at 10–12.

### III.    ARGUMENT

a.    <u>Plaintiffs have complied with the Order and § 42D.</u>

Plaintiffs' Supplemental and Second Supplemental Disclosures satisfy the Order, providing Defendants with a detailed description of Milliman's trade secrets that Plaintiffs allege that Defendants misappropriated.  Importantly, the Order did not adopt Defendants' attempt to impose a pre-discovery limit to Plaintiffs MUTSA trade secret claim, or otherwise require that Milliman structure its disclosure as sought by Defendants' "Moving Forward" items (i)-(vi) in Defendants' July 21 letter.[3]  *See* Exhibits B, C.  Plaintiffs' Supplemental § 42D Disclosures (Exhibits A and D), provides more than adequate information, including (1) explaining "how certain documents identified in the disclosure contain or reflect the alleged trade secrets and formulas" as required by the Order (Exhibit A) and (2) identifying in the numbered format requested by Defendants Milliman's Trade Secrets that Defendants have misappropriated (Exhibit D), to guide the scope of discovery concern the MUTSA claims and to allow Defendants' to prepare any defenses.

This Court held that the purpose of trade secret identifications is to "identify the trade secret with sufficient particularity."  *See* Order at 4.  Plaintiffs' Supplemental and Second Supplemental Disclosures do exactly that.  The Supplemental Disclosure provides, as the Court instructed, "how certain documents identified in the disclosure contain or reflect the alleged trade secrets and formulas."  The Second Supplemental Disclosures contain, as Defendants requested, numbered paragraphs setting forth each alleged trade secret separately from any non-trade secret information.

---

[3] *Compare* Defendants' Memorandum in Opposition to Motion to Compel and in Support of Cross-Motion for Protective Order (Dkt. #60), at 8–9 (asserting that a trade secret disclosure cannot contain the word "including," and that disclosures cannot be supplemented after discovery), *with* Order at 4–5 (ordering Plaintiffs to serve a supplemental trade secret disclosure, without requiring the word "including" be removed, and without prohibiting supplementation of the disclosure).

Plaintiffs' Supplemental and Second Supplemental Disclosures set forth in detail the information that Plaintiffs claim as trade secrets, and where that information can be found in the documents Plaintiffs provided to defendants.  All claimed methods are explained in the Disclosures, and, where applicable, their location in the documents is also described.

Defendants' principal objection to Plaintiffs' Disclosures appears to be concern about some possible future event – namely, Plaintiffs' supplementation of its trade secret disclosures in light of discovery.  Plaintiffs' Supplemental and Second Supplemental Disclosures set out with sufficient particularity the trade secrets Plaintiffs presently believe Defendants misappropriated. To the extent Plaintiffs may seek to supplement their disclosures, it will be only to the extent that discovery reveals that Defendants misappropriated additional trade secrets.  If at some point in the future Plaintiffs attempt to supplement their trade secret disclosure in a manner that Defendants believe is somehow improper, Defendants can raise their objections as that time.

Importantly, the Order did not require that Plaintiffs forgo the right to supplement their disclosure in light of additional discovery.  In fact, at this pre-discovery stage, there is no principled reason to prevent Plaintiffs from reserving the mere right to supplement their trade secret disclosure if discovery somehow reveals misappropriation of additional trade secrets occurred.  *Cf. Lynx Sys. Devs., Inc. v. Zebra Enter. Sols. Corp.*, No. CV 15-12297-GAO, 2018 WL 3580294, at *1 (D. Mass. July 25, 2018) ("neither [plaintiff] nor [defendant] is bound to their respective responses [to interrogatories regarding the creation, disclosure, and misappropriation of plaintiffs' trade secrets] at this early stage in the case, prior to the commencement of expert discovery. ***They are permitted to supplement their responses moving forward***") (emphasis added).

b.      <u>Defendants concede they have adequate information under § 42D.</u>

Defendants tacitly concede that the Supplemental and Second Supplemental Disclosures provide them with the information required under § 42D and the Order by indicating that they intend to move for summary judgment on Plaintiffs' trade secret claims.  Specifically, Defendants now allege that the Disclosures have "confirm[ed] that Plaintiffs have no viable basis for their trade secret claims as a matter of law," and are sufficient to enable them to file a motion for summary judgment without discovery.  Exhibit E.

Defendants cannot have it both ways: either Plaintiffs' Supplemental and Second Supplemental Disclosures are sufficient to allow Defendants to prepare a defense, or they are so lacking in detail that they cannot serve as the basis for a motion for summary judgment. Defendants' continued refusal to provide discovery despite now asserting they have sufficient information about the trade secrets to move for summary judgment is without support. Defendants' attempt to use early trade secret identification, as under § 42D, to allow an early determination on the merits of a trade secret claim is improper.  *See Perlan Therapeutics, Inc. v. Superior Ct.*, 101 Cal. Rptr. 3d 211, 223 (Cal. Ct. App. 2009) (holding California's early trade secret identification statute does not "envision a 'miniature trial on the merits of a misappropriation claim before discovery may commence'").  By indicating that they have sufficient grounds for a motion for summary judgment, Defendants concede that the Supplemental and Second Supplemental Disclosures are adequate under § 42D.

c.      <u>Defendants cannot withhold all discovery in light of a motion for partial summary judgment that they have not yet filed.</u>

Having now extracted three trade secret disclosures from Plaintiffs, Defendants now assert that Plaintiffs are entitled to no substantive discovery responses from Defendants until an unfiled summary judgment motion is fully briefed and decided by the Court.  This extraordinary position

is the latest in a long line of delay tactics by Defendants, seeking to put off the day of reckoning when Defendants' full misappropriation, breach of contract and infringing acts become known. *See, e.g.*, Defendants' Motion for Extension (Dkt. #13) (seeking a 60-day extension on the day Defendants' answer was due); Defendants' Partial Motion to Dismiss (Dkt. #21) (seeking dismissal of Plaintiffs' patent claims, but not the trade secret claims, when the basis of Defendant unfiled partial summary judgment motion on trade secrets was known at the time); Exhibit E (representing that Defendants will not provide any discovery pending their partial summary judgment motion).

Defendants had the opportunity to move to dismiss Plaintiffs' trade secret claims at the outset, when they sought dismissal of Plaintiffs' patent claims.  Having not done so, and instead having filed an answer, Defendants cannot now continue to stave off discovery on all of Plaintiffs' claims (including the non-trade secret claims) while it seeks a summary judgment ruling on only part of the case.  Much of the discovery that Defendants refuse to answer is directed at supporting Plaintiffs' patent infringement claims as well as their trade secret claims.  *See, e.g.*, Exhibit B to Motion to Compel (Dkt. #55.2) (Interrogatories No. 1–5); Exhibit C to Motion to Compel (Dkt. #55.3) (Requests for Production No. 9–14, 16–21).  There is absolutely no reason why that discovery should wait until resolution of whatever motion Defendants choose to file before the time set forth in the Scheduling Order, nor is there any reason to allow Defendants to deny Plaintiffs access to evidence that might bear upon the future motion.

## IV.   CONCLUSION

Accordingly, Plaintiffs request that the Court order Defendants to immediately provide substantive responses to Interrogatories 1–6, 8–10, 12, and 13, and produce documents responsive to Requests 1–51, 53–54, and 56–64, including all information regarding the design, development,

implementation, use and licensing of the Accused Products and their source code, and whatever other relief this Court deems just and proper.

Dated:  August 12, 2022                          Respectfully submitted,

*/s/ Christopher Centurelli*
Christopher Centurelli (BBO #640974)
christopher.centurelli@klgates.com
John L. Gavin (BBO #705385)
john.gavin@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Facsimile: (617) 261-3175

and

Patrick J. McElhinny (*pro hac vice*)
patrick.mcelhinny@klgates.com
Mark G. Knedeisen (*pro hac vice*)
mark.knedeisen@klgates.com
Anna Shabalov (*pro hac vice*)
anna.shabalov@klgates.com
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania 15222
Telephone: (412) 355-6500
Facsimile: (412) 355-6501

*Attorneys for Milliman, Inc. and Milliman
Solutions, LLC*

and

Christopher Dillon (BBO #640896)
dillon@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070

and

Noah C. Graubart (*pro hac vice*)
graubart@fr.com
Joseph R. Dorris (*pro hac vice*)
dorris@fr.com
Fish & Richardson P.C.
1180 Peachtree Street NE
21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

*Attorneys for Vigilytics LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*<u>/s/ Christopher Centurelli    </u>*