**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ──────────────────────── ) | |
| Milliman, Inc., et al., ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | |
|       v. ) | |
| ) | **Civil Action No.** |
| Gradient A.I. Corp., et al., ) | **21-10865-NMG** |
| ) | |
|       Defendants. ) | |
| ──────────────────────── ) | |

**MEMORANDUM & ORDER**

GORTON, J.

Milliman, Inc., Milliman Solutions, LLC ("Milliman") and Vigilytics LLC ("Vigilytics") (collectively, "plaintiffs") filed this suit in May, 2021 against Gradient A.I. Corp. ("Gradient") and two of its officers, Stanford A. Smith ("Smith") and Samuel Chase Pettus ("Pettus") (collectively, "defendants") alleging that they infringed certain patents and misappropriated Milliman trade secrets when they left the employ of Milliman to incorporate Gradient. After the Court denied their motion to dismiss, defendants filed an answer and 21 counterclaims in March, 2022 (Docket No. 49).

Defendants now seek, shortly before trial, to file an amended answer and amended counterclaims (Docket No. 154). Even though the scheduling order required amendments to pleadings to be filed by April 30, 2023, or more than six months before the

pending motion was filed, defendants contend that good cause exists because the information supporting their motion was only discovered in September and October, 2023.  The Court concludes that there is not good cause to amend and will therefore deny defendants' motion.

Defendants separately file a motion to impound an unredacted version of their proposed amended counterclaims and to resolve a dispute between the parties with respect to the proper role of redactions (Docket No. 157).  Because the Court will deny defendants' motion for leave to amend and the motion to impound relates thereto, the Court will deny defendants' second motion as moot.[1]

## I. <u>Background</u>

In May, 2021, Milliman and Vigilytics filed a complaint alleging patent infringement and misappropriation of trade secrets.  The complaint sets forth twelve counts, including infringement of six asserted patents, against Gradient, breach of a confidentiality agreement against Smith and Pettus and unfair and deceptive acts and practices in violation of M.G.L. c. 93A against all defendants.

---

[1] The Court understands defendants' second motion to pertain only to the proposed amended counterclaims.  If it is mistaken, defendant may act accordingly.

In July 2021, defendants filed a partial motion to dismiss for failure to state a claim.  In March, 2022, the Court denied defendants' motion whereupon defendants filed an answer along with 21 counterclaims for, among other things, tortious interference, defamation and breach of contract.  The Court entered an initial scheduling order in April, 2022 that required the parties to file any amendments to pleadings on or before April 30, 2023.

In August, 2022, defendants requested that the Court stay discovery because they planned to move for summary judgment, which they did on Milliman's trade secret claims in September, 2022.  In November, 2022, roughly eight months after defendants filed their answer, Magistrate Judge Page Kelley declined to stay discovery related to the patent claims because defendants were required to produce that discovery "no matter the outcome on their pending summary judgment motion."  Magistrate Judge Kelley did, however, stay discovery related to the trade secret claims.  By that time, plaintiffs had filed three separate motions to compel.  Magistrate Judge Kelley allowed two of those motions in part, in which she acknowledged that "discovery has been at a standstill" and that permitting the parties to "remain at a standstill [would] cause[] [plaintiffs] prejudice."

In January, 2023, the Court denied defendants' motion for summary judgment after which document production began "in

earnest."  On April 17, 2023, just two weeks before the deadline for amendments to pleadings, the parties jointly requested to modify the scheduling order to extend the discovery timeline. The joint motion did not seek to extend the amendments deadline. The Court allowed the joint motion but informed the parties that there would be no further extensions of time.

On November 3, 2023, defendants filed the present motion for leave to file an amended answer and counterclaims. Defendants seek to include an affirmative defense and a counterclaim for unenforceability based on alleged equitable misconduct that occurred during the prosecution of the six asserted patents.  Specifically, they allege that Andrew Paris ("Paris"), the founder of Vigilytics and named inventor on the asserted patents, 1) misleadingly listed himself as the sole inventor of the patents even though that invention incorporated technology from third parties and 2) knowingly failed to submit material regarding patentability to the U.S. Patent and Trademark Office ("USPTO") during prosecution.

Defendants acknowledge that their motion is untimely under the scheduling order but contend that good cause exists because they discovered facts during depositions in September and October, 2023 that justify their amendments.  While 21 of the 25 witnesses deposed in this case were deposed in September and October, defendants principally point to information gleaned

-4-

from the fall depositions of Andrew Paris, Michael Bishop and Glenn Joiner.  Although Paris was first deposed in June, 2023, defendants insist that they were not fully informed until he was deposed again in September.  The depositions of Michael Bishop, a Rule 30(b)(6) witness, and Glenn Joiner both occurred in October, 2023.

Defendants argue that plaintiffs will not be prejudiced by their proposed amendments because information about Paris's knowledge and conduct during the prosecution of the asserted patents is in their control and in the discovery record. Finally, defendants assert that their proposed counterclaim for unenforceability based on inequitable conduct is not futile because they meet the heightened pleading standard for such a claim.

## II. <u>Analysis</u>

### A. Legal Standard

A scheduling order, once entered, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause standard is dependent upon the conduct of the moving party and the prejudice, if any, to the nonmovant. <u>Miceli</u> v. <u>JetBlue Airways Corp.</u>, 914 F.3d 73, 86 (1st Cir. 2019).  During a good cause analysis, a court's dominant

consideration is the diligence (or lack thereof) of the moving party. Id.

The longer the moving party delays, the less likely is its motion to be allowed. Id.  Motions to amend that would require the re-opening of discovery, a postponement of trial or major changes to the nonmovant's trial strategy are particularly disfavored. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).  In addition, a court should consider when the information relevant to the requested amendment came into possession of the moving party. See Miceli, 914 F.3d at 86.

The rationale behind the good cause standard is that it provides courts with the "devices necessary to manage [their] docket[s] [and facilitates] effective case management." O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004) (internal quotations omitted).  Trial courts "enjoy great latitude in carrying out case-management functions." Jones v. Winnepesaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993).  They often consider efficiency and case management when deciding a motion to amend. See Smith & Nephew, Inc. v. Surgical Sols., Inc., 353 F. Supp. 2d 135, 138 (D. Mass. 2004) (Gorton, J.); Abbott Labs. v. Inverness Med. Tech., 2002 WL 1906533, at *3 (D. Mass. Aug. 19, 2002).

**B. Good Cause Analysis**

Defendants have not demonstrated good cause for their latter day amendments filed six months after they were due and less than four months before this case is scheduled for trial. When the parties jointly requested to amend the scheduling order in April, 2023, they did not seek to modify the deadline for amendments and the Court was clear to inform them that there would be no further extensions of time.  That order remains in effect for good reason.

Defendants complain that discovery did not begin in earnest until February, 2023 and that they should not be penalized for seeking to rely on information they did not discover until late in the process.  That is, however, in part, a problem of defendants' own making.  As Magistrate Judge Kelley noted in her November, 2022 order, defendants asked to defer discovery at that time pending the Court's ruling on their motion for summary judgment.  Defendants made that choice, which was later modified by Magistrate Judge Kelley with respect to the patent claims. Defendants could have but didn't request an extension of the deadline for filing amendments.

Furthermore, the Court is not persuaded that the information possessed by defendants meaningfully changed after the original deadline for filing amendments.  As the metadata proffered by plaintiffs demonstrates, defendants had 14 of the

17 documents cited in their amended counterclaims before April
30, 2023 and the final three documents were produced on May 31,
2023, more than five months before defendants filed the subject
motion.

Defendants do not dispute these facts but simply contend
that the late-taken depositions revealed new information that
prompted the issue at hand.  Defendants principally argue that
their understanding of what Paris knew and did changed following
his September deposition.  Plaintiffs retort that defendants'
proposed counterclaims almost exclusively cite Paris's
deposition testimony from June, not September.  Indeed, the
proposed counterclaims cite Paris's testimony from September
only twice.  Those citations simply appear to bolster similar
testimony Paris provided in June, 2023 regarding his knowledge
of the de-identified data practices of SDI Health, LLC.  In
their reply brief, defendants broadly assert, without further
explanation, that they waited for Paris's testimony in September
to "confirm [their] suspicions" and satisfy the heightened
pleading standard required to prove inequitable conduct.

Defendants also rely on the testimony of Glenn Joiner,
"whose testimony is cited in the [a]mended [c]ounterclaims,"
but Joiner was not deposed until October 27, 2023, one week
after counsel for Gradient sent plaintiffs a draft of their

-8-

amended counterclaims.  Joiner's testimony did not form a basis for defendants' motion.

Defendants seek the Court's indulgence based upon the fact that 21 of the 25 witnesses deposed in this case were not deposed until September and October, 2023.  They do not, however, proffer any reason why so many depositions were taken so later in the process.  Blame for any delays in discovery rests, at least in part, with defendants, who did not move to extend scheduling deadlines.

Finally, allowance of defendants' motion would prejudice plaintiffs.  Fact discovery has closed and the deadline for dispositive motions has expired.  Defendants' assertion that no new discovery would be necessary because all newly added information is in plaintiffs' control is self-serving. Defendants' amendments would assert a new claim for inequitable conduct that plaintiffs had no opportunity to explore during discovery.  Plaintiffs may have otherwise solicited additional expert testimony in opposition to defendants' new counterclaims. In any event, the addition of a substantive counterclaim at this late stage of the litigation "would unfairly affect [plaintiffs'] ability to prepare [their] defense." Fed. Ins. Co. v. MATEP, LLC, 2008 WL 11511401, at *6 (D. Mass. Dec. 1, 2008).

In summary, defendants have failed to demonstrate that good cause exists to modify the Court's scheduling order and allow

-9-

them to file a motion to amend.  Because the Court finds there is not good cause to amend, it declines to consider whether the proposed amendments are futile.

### ORDER

For the foregoing reasons, defendants' motion for leave to file amended answer and counterclaims (Docket No. 154) is **DENIED** and defendants' motion to impound (Docket No. 157) is **DENIED** without prejudice.


**So ordered.**


/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 22, 2023