```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Milliman, Inc., et al.,        )
                               )
        Plaintiffs,            )
                               )
        v.                     )
                               )   Civil Action No.
Gradient A.I. Corp., et al.,   )   21-10865-NMG
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

In an apparent effort to eliminate all expert testimony in this case, plaintiffs Milliman, Inc., Milliman Solutions, LLC and Vigilytics LLC (collectively, "plaintiffs") have filed motions to exclude testimony of defendants' experts Brian W. Napper (Docket No. 171) and Dr. Bryan Bergeron, MD, FACMI (Docket No. 172) and defendants Gradient A.I. Corp. and its officers, Stanford A. Smith and Samuel Chase Pettus (collectively, "defendants") have filed motions to strike testimony of plaintiffs' experts Joshua M. Lathrop (Docket No. 182) and Dr. Aviel D. Rubin (Docket No. 185).  After consideration of all 200 pages of parties' motions, memoranda and oppositions, the Court will deny all four motions without prejudice.

Under Fed. R. Evid. 702 as well as Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and its progeny, the Court must be vigilant in exercising its gatekeeper role because an expert's testimony may be given substantial weight by the jury due to the expert's status. See Daubert, 509 U.S. at 595. However, based upon many years of considering expert testimony, the Court agrees with the other foundational opinion of the Daubert Court that

> [v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.

Id. at 596.  If an expert's testimony is within "the range where experts might reasonably differ," the jury, not the trial court, should be the arbiter of the conflicting views of different experts. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 153 (1999).

The Court is disinclined to exclude testimony of qualified experts out of context.  The testimony of Messrs. Napper and Lathrop, for example, present a classic battle of the experts. In fact, in one of their pleadings, plaintiffs acknowledge that there is substantial overlap between the testimony of the two experts.  As they put it,

> Mr. Napper . . . largely agrees with the overarching frameworks and methodologies employed by Mr. Lathrop, and only quibbles with certain discrete issues.

Such "quibbles" are appropriately left to the jury to resolve. Crowe v. Marchand, 506 F.3d 13, 18 (1st Cir. 2007); Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) ("[I]t is a matter for the jury to resolve any inconsistencies in expert testimony.").

The Court is similarly satisfied that any deficiency in the testimony of Drs. Bergeron and Rubin can best be exposed through vigorous cross-examination, informed by the opposing expert.  If absolutely necessary, the Court may conduct voir dire examination of the proffered expert outside the hearing of the jury to address intractable disputes. Cortes-Irizarry v. Corporacion Insular De Seguros, 111 F.3d 184, 188 (1st Cir. 1997) ("A trial setting normally will provide the best operating environment for the triage which Daubert demands. Voir dire is an extremely helpful device in evaluating proffered expert testimony . . . .").

Most recently, plaintiffs have filed yet another motion to strike the declaration of Jeffrey Clark, which defendants submitted in support of their motion for summary judgment, on December 21, 2023.  While the Court will reserve judgment on that motion until defendants have had an opportunity to respond, it reminds both parties that

-3-

"the summary judgment process does not conform well to the discipline that Daubert imposes." Id.  The Court will not exclude any testimony at this stage unless "defects are obvious on the face of a proffer." Id.  Given that high standard, the parties may choose to reconsider how they ask this Court to devote its limited time and resources.

### ORDER

In accordance with the foregoing, plaintiffs' motions to exclude expert testimony (Docket Nos. 171, 172) and defendants' motions to strike expert testimony (Docket Nos. 182, 185) are **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 22, 2023